# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |
| | Adv. Case No.: 09-5045 |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | **TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR STAY OF ADVERSARY PROCEEDING** |
| vs. | |
| Dennis E. Hecker, Midwest Motors, LLC, LKMCD Properties, LLC, Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation, Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, and Jacob Holdings of Akron Avenue LLC, | |
| Defendants. | |

Randall L. Seaver, Trustee ("**Trustee**"), by and through his undersigned counsel, submits this Response to the Motion of the Debtor Dennis E. Hecker ("Debtor"), for Order Staying Adversary Proceeding Until Conclusion of Grand Jury Proceeding and/or any Indictments the Grand Jury Issues. The Debtor seeks a stay of this adversary proceeding until the conclusion of any criminal proceeding against him.

The Debtor's Motion should be denied for the following reasons: 1) the Motion for an order staying the adversary for the alleged purpose of safeguarding the Debtor's Fifth Amendment rights is premature as the Debtor has yet to assert those rights; and 2) the Debtor cannot establish a legal and factual basis for staying the adversary proceeding.

## FACTUAL BACKGROUND

1. On or about April 16, 2009, the Debtor executed an Asset Purchase Agreement on behalf of Inver Grove Motors d/b/a Denny Hecker's Inver Grove Toyota for the sale of the Toyota dealership to Twin Cities Toyota, LLC.

2. On or about April 16, 2009, the Debtor executed a Personal Services Agreement ("PSA") with Twin Cities Automotive, LLC as part of the sale transaction for the Toyota dealership. The PSA entitled the Debtor to receive payment of $1,000,000.00 in 48 monthly installments of $20,833.33.

3. The Debtor filed for Chapter 7 bankruptcy relief on June 4, 2009 and obtained the benefit of the automatic stay of 11 U.S.C. §362 before the aforementioned sale was consummated.

4. The Debtor filed his Schedules and Statement of Financial Affairs on July 1, 2009.

5. On July 8, 2009, a creditor, Chrysler Financial Services Americas, LLC ("Chrysler"), filed a complaint against the Debtor, *Chrysler Financial Services Americas, LLC v. Hecker*, ADV No. 09-5019, alleging false pretenses, false representation, actual fraud, fraud as fiduciary, embezzlement, larceny and willful and malicious injury, and seeking an order determining that its debt to be non-dischargeable under 11 U.S.C. §523(a)(2), (4) and (6). Other creditors have filed several other adversary proceedings seeking orders for non-dischargeablilty of debt.

6. On July 15, 2009, the Debtor testified at the meeting of creditors conducted pursuant to 11 U.S.C. §341 and answered questions regarding the Asset Purchase Agreement and the PSA relating to the sale of a Toyota dealership, the subject matter of this adversary.

7. The Debtor did not assert his Fifth Amendment privilege against self-incrimination with regard to any questions asked at the Section 341 Meeting.

8. On July 30, 2009, the U. S. Attorney served a "Subpoena to Testify Before the Grand Jury upon Denny Hecker's Automotive Group, Inc." and any other entity owned or controlled by Dennis E. Hecker.

9. On September 29, 2009, the Trustee filed this adversary complaint, alleging various causes of action seeking the following: 1) declaratory judgment that the PSA is not an executory contract; 2) that the PSA and its proceeds are Bankruptcy Estate property which are subject to creditors' claims; and 3) that Midwest Motors, LLC, the assignee of the PSA, must continue making payments under the PSA; and 4) that any lien of LKMCD Properties, LLC does not attach to the PSA proceeds.

10. On October 7, 2009, the Debtor filed a Motion for Order Staying Adversary Proceeding Until Conclusion of Grand Jury Proceeding and/or any Indictments the Grand Jury Issues" in this adversary proceeding and in eight other adversaries: *Cornerstone Bank, et al. v. Hecker, ADV. No.09-5035; Carleton Financial Corporation v. Hecker,* ADV No. 09-5036*; Vision Bank v. Hecker,* ADV No. 09-5037*; Alliance Bank v. Hecker,* ADV No. 09-5038*; Gelco Corporation v. Hecker ,* ADV No. 09-5039*; US Bank v. Hecker,* ADV No. 09-5040*; Hyundai Capital America v. Hecker,* ADV No. 09-5041*;* and *Seaver v. Jacob Holding of Ventanas, LLC,* et al., ADV No. 09-5042.

## ARGUMENT

**I.    THE DEBTOR'S MOTION FOR A STAY TO PRESERVE HIS FIFTH AMENDMENT RIGHTS IS PREMATURE AS THE DEBTOR HAS YET TO ASSERT HIS RIGHTS IN RESPONSE TO ANY QUESTION OR IN ANY DOCUMENT OR FILING WITH THE BANKRUPTCY COURT.**

The Debtor's Motion must be denied as premature as he has yet to assert his Fifth Amendment rights in any proceeding or in any document in this bankruptcy proceeding. This Court cannot evaluate the constitutional merits of his Motion until he has asserted those rights.

The Fifth Amendment privilege against self-incrimination applies in the bankruptcy context. *See, Martin Trigona v. Belford (In re Martin Trigona),* 732 F.2d 170, 175 (2d Cir.1984). Before the right to remain silent can be recognized, a debtor must assert the Fifth Amendment in response to a question, the bankruptcy court must evaluate the facts and question posed, and must determine if the debtor has a well-founded fear of self incrimination. *See In Re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983). As the Court stated in *In re Connolly*, 59 B.R. 421 (Bankr. N.D. Il. 1986):

> Only the [debtor] knows whether the. . .disclosure sought may incriminate him[.]" *Garner v. United States,* 424 U.S. 648, 655, 96 S.Ct. 1178, 1183, 47 L.Ed.2d 370 (1976). And he bears the burden of demonstrating he has "reasonable cause to apprehend a real danger of incrimination." *In Re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983) *citing Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Generally, if an answer to a question, on its face, requires an admission of crime, that he supply evidence of a necessary element of a crime, or furnish a link in the chain of evidence needed to prosecute, the debtor faces a real danger of prosecution. *In Re Morganroth,* 718 F.2d at 167. . . .Before this Court can consider much less sustain Connelly's assertions, he must come forward with some minimal credible reasons why each of the many disclosures required of him to administer this case pose some real and not imaginary threat of incrimination. *See Martin-Trigona v. Gouletas,* 634 F.2d 354, 360 (7th Cir.) *cert. denied,* 449 U.S. 1025, 101 S.Ct. 593, 66 L.Ed.2d 486 (1980).

*Id.* at 432.

As the Debtor has not asserted his Fifth Amendment privilege, any assessment of the underlying factual basis for a potential Fifth Amendment claim would be purely speculative. Therefore, the Motion to Stay the Adversary Proceeding to protect the Debtor's Fifth Amendment Rights is premature and should be denied.

**II.     THE DEBTOR HAS NOT ESTABLISHED A LEGAL OR FACTUAL BASIS FOR STAYING THIS ADVERSARY PROCEEDING.**

The Debtor complains that he is faced with the unfair choice of defending himself in this adversary proceeding or exercising his Fifth Amendment right to remain silent, whereupon the Bankruptcy Court can draw negative inferences from his failure to testify. In the absence of a specific question or line of inquiry directed to the Debtor, this assertion is based on pure speculation and is not a basis to stay the litigation in the adversary complaint.

    A.    <u>Having Voluntarily Filed for Bankruptcy Relief, the Debtor May Have to Choose Between the Right to Remain Silent and a Discharge of Debt.</u>

As the Debtor voluntarily filed this bankruptcy case seeking the equitable relief of discharge of debt, he may be compelled to choose between asserting his rights under the Fifth Amendment and remaining silent, or alternatively, the discharge of a debt. The discharge of debt and "the relief of a fresh start is intended to benefit the honest debtor." *In re Lederman*, 140 B.R. at 53, *citing State Bank of India v. Chachra (In re Chachra),* 138 B.R. 397 (Bankr. S.D.N.Y. 1992). "A fact finder in a civil proceeding may to draw negative inferences from a defendant's invocation of the Fifth Amendment privilege." *National Acceptance Corp. v. Bathalter,* 705 F.2d 924, 929-30 (7th Cir. 1983). "[A]n individual debtor in a bankruptcy case, who is also a target of criminal investigation, might be required to relinquish a fifth amendment privilege against self-incrimination in order to avoid losing a discharge in bankruptcy." *Amsave Credit Corporation v. Marceca (In re Marceca)*, 131 B.R. 774, 778 (Bankr. S.D.N.Y. 1991); *see also*,

5

*In re Vrusho*, 321 B.R. 607, 612 (Bankr. D. N. H. 2005); *Raymond James & Assoc. v. Metzgar (In re Metzgar),* 127 B.R. 708, 711 (Bankr. M.D. Fla. 1991).

> [A] debtor cannot enjoy the benefits of the bankruptcy process while avoiding its burdens. Any other approach would produce an unlevel playing field tilted in the debtor's favor. . . .The debtor cannot use the bankruptcy court to broaden the benefits afforded to an accused by the Fifth Amendment. To do so would allow the debtor to use the Fifth Amendment as a shield, while impermissibly using the Bankruptcy Code as a sword with which to take an unfair advantage of creditors. *Piperi v. Gutierrey (In re Piperi),* 137 B.R. 644, 647 (Bankr. S.D. Tex. 1991).

*In re Lederman*, 140 B.R. at 53. From the plain statutory language, the *Lederman* Court inferred that, absent a grant of immunity, the Code does not intend to protect a debtor's right or opportunity to the discharge a particular debt. The *Lederman* Court stated further,

> Moreover, in §727(a)(6)(B), Congress specifically preserved a debtor's rights to raise the privilege against self-incrimination, absent a grant of immunity, with respect to oral examination and testimony without prejudice to the right to a discharge. The lack of a similar provision in §523 leads to the inescapable conclusion that none was intended.
>
> Moreover, in §727(a)(6)(B) Congress specifically preserved a debtor's rights to raise the privilege against self-incrimination, absent a grant of immunity, with respect to oral examination and testimony without prejudice to the right to a discharge. The lack of a similar provision in §523 leads to the inescapable conclusion that none was intended.

*Id.* at 53. Although the Debtor has a right against self-incrimination, he may have to choose between the constitutional right to remain silent and the equitable relief of discharge of debt.

    B.    <u>There Is No Constitutional Mandate That a Bankruptcy Court Stay an Adversary Proceeding.</u>

In his Motion for a Protective Order, the Debtor seeks a stay of this adversary proceeding until any criminal proceeding is concluded, which may take years. The Debtor cites several non-bankruptcy cases where a defendant in a civil action sought a stay of litigation while a parallel criminal investigation or litigation was proceeding. *See, e.g., Doe v. City of Chicago*, 360 F. Supp. 880 (N.D. Ill 2005); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6 (D.

6

Conn. 2002). In some cases, courts have concluded that the ongoing civil litigation could compromise the defendant's ability to assert and obtain protection under the Fifth Amendment privilege in the federal matter. Similarly, governmental bodies pursuing the criminal matters may argue that witness testimony and evidence may be compromised due to the differing procedural standards in civil and criminal proceedings. These cases are of little relevance to the issue before this Court. The issue here is whether an individual who voluntarily seeks bankruptcy relief can prevent the trustee from fulfilling his duty under 11 U.S.C. §704 to pursue avoidance actions and collect assets for distribution to creditors. In this case, the Debtor has come forward with no case law which supports his request that this adversary be stayed because of the possibility that he might assert his Fifth Amendment rights at some future time.

There are few bankruptcy court cases where a debtor obtains a stay of discovery in bankruptcy litigation during the pendency of a criminal investigation. Bankruptcy courts have the equitable and statutory power to stay litigation under 11 U.S.C. §105, but courts are hesitant to do so. *See, Hale, et al. v. Carlson (In re Hale)*, 980 F. 2d 1176, 1179 (8th Cir. 1992); *Carroll, et al. v. Unicom AP Chemical Corp., et al. (In re MGL Corporation),* 262 B.R. 324, 328 (Bankr. E.D. Pa. 2001) (stay denied as it would impede trustee's ability to recover assets for unsecured creditors); *accord, Kozyak v. Poindexter, et al. (In re Financial Federated Title & Trust, Inc.),* 252 B.R. 834, 839 (Bankr. S.D. Fla. 2000*); see also, Marceca*, 131 B.R. at 778 ("stay of pending civil action until the outcome of related criminal proceeding is an extraordinary remedy").

There is a critical difference between a defendant who seeks a stay of discovery in non-bankruptcy civil cases and the Debtor here who seeks a stay of the trustee's avoidance action. The defendants in the non-bankruptcy cases cited in the Debtor's Memorandum were sued in civil proceedings and were compelled to testify and produce documents under the applicable

7

rules of civil procedure, which offer less protection than the rules of criminal procedure in the parallel criminal investigation.  The Debtor here, like the debtors in the *Hale* and *Marceca* cases, **voluntarily** filed for bankruptcy, seeking the protection of the automatic stay and the equitable relief of discharge of debt.

Section §704(a) of the Bankruptcy Code requires the Trustee to collect and reduce to money property of the estate, and to close the estate as expeditiously as is compatible with the best interests of all parties to investigate the financial affairs of the debtors, and, if advisable, to oppose the discharge of the debtor.  11 U.S.C. §704(a)(1), (4), and (6).  The Debtor claims that the Trustee "faces no particular injury from delay" from "dissipation of assets or an attempt to gain an unfair advantage." Debtor's Memorandum at 13.  A stay of this adversary proceeding would prohibit the Trustee from recovering valuable assets for the benefit of creditors.  It is critical that the Trustee pursue avoidance actions as quickly as possible to maximize the value of recoveries for creditors.  *See, Carroll, et al. v. Unicom AP Chemical Corp. et al. (In re MGL Corporation),* 262 B.R. 324, 328 (Bankr. E.D. Pa. 2001) (stay would hinder trustee's expeditious prosecution of claims and would hinder recovery for unsecured creditors); *accord, Kozyak v. Poindexter, et al.( In re Financial Federated Title & Trust, Inc.),* 252 B.R. 834, 839 (Bankr. S.D. Fla. 2000*).*

Counsel for the Debtor cites only one case where a debtor obtained a stay of civil litigation during the pendency of a criminal investigation, *Amsave Credit Corporation v. Marceca (In re Marceca)*, 131 B.R. 774 (Bankr. S.D.N.Y. 1991).  In the *Marceca* case, on the last day to file objections to discharge, a creditor filed an adversary complaint objecting to discharge and dischargeability under 11 U.S.C. §§523 and 727(a)(2) .  The court determined that the adversary complaint failed to plead fraud and concealment with sufficient particularity.  The

8

creditor sought leave to amend the complaint. The debtor sought a stay of the adversary proceeding during the pendency of a criminal investigation based on the same facts, to protect his constitutional privilege against self-incrimination. While noting that "there is no constitutional mandate for a stay of civil proceedings", the *Marceca* Court ordered a stay of the civil litigation until the earlier of the conclusion of the U.S. Attorney's investigation or an indictment, or four months time. *Id.* at 778. The *Marceca* court determined that a stay for a maximum of four months would not prejudice the creditor, as the creditor would be allowed to amend its complaint to cure its defectively complaint, while obviating the debtor's immediate need to choose between asserting his Fifth Amendment privilege and putting on a full defense in the adversary proceeding. *Id.*

The Debtor's assertion that the interest of the Court and public will be advanced by a stay of the litigation is nonsensical. Sections 521 and 704 of the Bankruptcy Code set forth, with specificity, the duties of the Debtor and of the Trustee, so as to serve the interests of the Court and the public. As the Court stated in the *Lederman* case, "distribution and discharge are at the heart of the bankruptcy process, and a debtor cannot enjoy the benefits of the process while avoiding its burdens." *In re Lederman*, 140 B.R. at 53. The granting a stay of this avoidance action would contravene the interests of the creditors and the public as established by these statutes.

## CONCLUSION

For the reasons stated above, Randall L. Seaver, Trustee, respectfully requests that the Court deny the Debtor's Motion for Stay of this Adversary Proceeding.

          **LEONARD, O'BRIEN**
          **SPENCER, GALE & SAYRE, LTD.**

Dated: October 16, 2009      By /e/ Matthew R. Burton
          Matthew R. Burton, #210018
          Attorneys for Randall L. Seaver, Trustee
          100 South Fifth Street, Suite 2500
          Minneapolis, Minnesota 55402-1234
          (612) 332-1030

410926

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re: BKY No.: 09-50779

Dennis E. Hecker, Chapter 7

        Debtor.

_____

Randall L. Seaver, Trustee,

                                                        ADV Case No.: 09-5045

        Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

        Defendants.

_____

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2009, I caused the following documents:

    *Trustee's Response to Debtor's Motion for Stay of Adversary Proceeding*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Dated: October 16, 2009

                                                          /e/ Stephanie Wood
                                                      _____
                                                      Stephanie Wood
                                                      100 South Fifth Street, Suite 2500
                                                      Minneapolis, MN 55402
                                                      (612) 332-1030

410920