## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | : |
| | :     Bky No. 09-50779 |
| DENNIS E. HECKER, | : |
| | :     Chapter 7 |
| Debtor. | : |
| | : |

| | |
|---|---|
| | : |
| RANDALL L. SEAVER, TRUSTEE, | :     Adv. Case No. 09-5045 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DENNIS E. HECKER, *et al.*, | : |
| | : |
| Defendants. | : |

## ANSWER OF DEFENDANT, TOYOTA MOTOR CREDIT CORPORATION, TO THE PLAINTIFF'S AMENDED COMPLAINT

Defendant, Toyota Motor Credit Corporation ("Defendant"), by and through its undersigned counsel, and for its answer to the Amended Complaint (the "Complaint") filed by the Plaintiff, Randall L. Seaver, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Dennis E. Hecker (the "Debtor"), hereby states as follows:

1.     The allegations contained in paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are admitted in part and denied in part. It is admitted that on or about April 16, 2009, a purchase agreement was executed by Inver Grove Motors LLC ("IGM") and Twin Cities Toyota, LLC ("TCT") for the sale of certain assets used by IGM to operate a Toyota dealership. Based upon information and belief, separate agreements were executed by IGM, TCT, Jacob Holdings of Highway 110 LLC ("JH-110"), Jacob Holdings of Akron Avenue LLC ("JH-A"), and/or certain other parties whereby TCT agreed to assume the lease of certain real property used by IGM to operate the dealership, with an option to purchase said real property. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint are admitted in part and denied in part. Defendant admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") exercised its right of first refusal with respect to the purchase agreement between IGM and TCT. Defendant also admits that any rights TMS had under the purchase agreement were assigned to Stephen J. McDaniels. Further answering, Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are admitted in part and denied in part. Defendant admits that the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 4, 2009, prior to any closing on the sale of certain assets of IGM, JH-110, or JH-A. The remaining allegations contained in paragraph 5 of the Complaint are denied.

6. The allegations contained in paragraph 6 of the Complaint relate to a Settlement Agreement dated June 2009 by and between the Trustee, the Debtor, IGM, JH-110, JH-A, LKMCD Properties, LLC, and Midwest Motors, LLC (the "Settlement Agreement"), and a Personal Services Agreement (the "PSA"), which are documents that speak for themselves. Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint to the extent they differ from the terms of the Settlement Agreement or the PSA. Further answering, Defendant admits that a closing for the sale of certain assets of IGM and JH-110 occurred on June 19, 2009, and that a copy of the PSA is attached as Exhibit A to the Complaint. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint are admitted in part and denied in part. Based upon information and belief as reported in local newspapers, state and federal authorities acted upon search warranties to search and seize documents and things from the Debtor's business premises on or about June 17, 2009. Further answering, Defendant admits that Midwest Motors LLC ("MM") and its affiliates proceeded with a closing of the sale of certain assets of IGM and JH-110 after news of the seizures became public knowledge. Further answering, Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint refer to the Debtor's bankruptcy schedules, which are documents that speak for themselves. Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint to the extent they differ from the terms of the Debtor's bankruptcy schedules.

9.     The allegations contained in paragraph 9 of the Complaint refer to the PSA, which is a document that speaks for itself. Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint to the extent they differ from the terms of the PSA.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

11.     The allegations contained in paragraph 11 of the Complaint refer to a letter from MM's counsel, which is a document that speaks for itself. Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

13.     The allegations contained in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. Further answering, Defendant believes the proceeds of the PSA represent a diversion of the purchase price from the sale of certain assets of IGM and JH-110.

14.     The allegations contained in paragraph 14 of the Complaint are admitted in part and denied in part. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 with respect to Chrysler and TFSB. With respect to the averments directed toward Defendant, Defendant admits that it claims a perfected, first-priority security interest in, and a lien upon, the proceeds of the PSA as such funds represent the proceeds from the sale of its collateral. Notwithstanding the sale to MM and its affiliate, TMCC retained any liens and security interests it may have in the assets not conveyed to the buyers, including but not limited to, any payments received on account of the PSA.

15.     The allegations contained in paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

16.     The allegations contained in paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

17.     The allegations contained in paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

18.     The allegations contained in paragraph 18 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant

denies the allegations contained in paragraph 18 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

**COUNT I – DECLARATORY RELIEF**

19.     In response to the averments contained in paragraph 19 of the Complaint, Defendant incorporates as if fully rewritten herein its responses to Paragraphs 1 through 18 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant states as follows:

       a.     Defendant denies the allegations contained in paragraph 20(a) of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

       b.     The allegations contained in paragraph 20(b) of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the proceeds of the PSA represent a diversion of the purchase price from the sale of certain assets of IGM and JH-110, upon which it claims a perfected, first-priority security interest and lien.

       c.     The allegations contained in paragraph 20(c) of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 20(c) of the Complaint as it is without knowledge or

-6-

information sufficient to form a belief as to the truth of the averments contained therein.

d.    The allegations contained in paragraph 20(d) of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it claims a perfected, first-priority security interest in, and lien upon, the proceeds of the PSA as such funds represent the proceeds from the sale of its collateral. Defendant denies the remaining allegations contained in paragraph 20(d) of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

e.    The allegations contained in paragraph 20(e) of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 20(e) of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

f.    The allegations contained in paragraph 20(f) of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 20(f) of the Complaint as it is without knowledge or

information sufficient to form a belief as to the truth of the averments contained therein.

Further answering, Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

**COUNT II – SURCHARGE**

21.     In response to the averments contained in paragraph 21 of the Complaint, Defendant incorporates as if fully rewritten herein its responses to Paragraphs 1 through 20 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 22 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  Defendant denies the allegations contained in paragraph 22 of the Complaint to the extent the Trustee denies that Defendant holds a secured claim in the Debtor's bankruptcy case.

23.     Each and every allegation not expressly admitted herein is hereby denied.

**AFFIRMATIVE DEFENSES**

24.     Defendant holds a perfected, first-priority security interest in, and a lien upon, any payments or proceeds from the PSA as it represents the proceeds from the sale of its collateral.

25.     Pursuant to a certain Inventory Loan and Security Agreement dated as of October 6, 2006 by and between IGM and Defendant (together with the guarantees, mortgages, security agreements, promissory notes, and all other agreements and documents executed and

-8-

delivered in connection with therewith, the "Floorplan Documents"), IGM granted Defendant a first-priority security interest in, and a lien upon, substantially all of its assets to secure its obligations for certain motor vehicle inventory loans.

26.     Pursuant to a certain Loan and Security Agreement dated as of March 13, 2007 by and between JH-110 and Defendant, for the purpose of, among other things, financing certain construction expenses of JH-110 (the "Construction Loan Agreement"), together with the guarantees, mortgages, security agreements, promissory notes, and all other agreements and documents executed and delivered in connection with the JH-110 Construction Loan Agreement (collectively referred to herein as the "Construction Loan Documents"), JH-110 granted Defendant a first-priority security interest in, and a lien upon, substantially all of its assets to secure its obligations under the Construction Loan Agreement.

27.     Defendant duly perfected its security interests and liens by making the requisite filings with the Minnesota Secretary of State and the recorder of Dakota County, Minnesota.

28.     Although a substantial portion of the assets of IGM and JH-110 were sold to MM in June 2009, Defendant retained its lien upon all remaining assets, as well as the proceeds from the sale, including, *inter alia*, the following:

> . . . all of the Debtor's personal property to the extent not sold to LKMCD
> Properties, LLC including: (i) all chattel paper, inventory, equipment,
> instruments, investment property, documents, letter of credit rights,
> security agreements, contract rights, commercial tort claims, choses in
> action, causes of action, securities, general intangibles, and any rights to
> the proceeds of a Personal Services Agreement between Midwest Motors
> LLC and Dennis E. Hecker (whether deemed as additional consideration
> for the sale of the Debtor's assets or otherwise), and whether now owned
> or hereafter acquired . . .

See UCC-financing statements, attached hereto as **Exhibit A**. Defendant also expressly retained its lien against assets owned by JH-110 which were not conveyed in the sale:

> Nothing herein contained shall in anywise affect, alter or diminish the lien or encumbrance of the Mortgage on the remaining part of said mortgaged premises (including but not limited to, Mortgagee's lien and security interest in any account, document, chattel paper, contract right, commercial tort claim, or general intangible not acquired by LKMCD Properties, LLC, and any interest in the proceeds from a Personal Services Agreement between Dennis E. Hecker and Midwest Motors, LLC, whether deemed as additional consideration for the released premises or otherwise), or the remedies at law for recovering thereout or against the Mortgagor, its successors and assigns, the aforesaid principal sum, with interest secured by the Mortgage . . .

See Release of Mortgage, attached hereto as **Exhibit B**. Accordingly, Defendant expressly retained any and all rights it may have to the proceeds of the PSA.

29.    As of the date of the sale, Defendant held the first and best lien upon the assets of IGM and JH-110. Accordingly, by virtue of the foregoing, Defendant also has the first and best lien upon the proceeds of the PSA. No other party can claim a lien, security interest, or other right, title, or interest in the proceeds of the PSA which is superior to the claim of Defendant.

30.    As of the date hereof, Defendant has yet to be paid in full for all amounts owed by IGM and JH-110 on account of their obligations to Defendant, whether under the Floorplan Documents, Construction Loan Documents, certain corporate guaranty agreements (collectively, the "Loan Documents") or otherwise. As a result, Defendant is entitled to be paid from the proceeds of the PSA before all other parties.

31.    Defendant affirmatively alleges that the claims asserted by the Trustee may be barred by any or all of the affirmative defenses contemplated by Rule 12 (b) of the

Federal Rules of Civil Procedure. The extent to which the Trustee's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further discovery. Defendant, therefore, incorporates all such affirmative defenses set forth in or contemplated by Rule 12 (b).

32. Defendant further reserves the right to allege such other and additional affirmative defenses as may be necessary after the completion of discovery in this matter.

WHEREFORE, based upon the foregoing, Defendant, Toyota Motor Credit Corporation, respectfully requests a judgment from this Court as follows:

A. As to the Count I of the Complaint:

    (i) Finding that Defendant holds a first-priority security interest in, and a lien upon, the proceeds of the PSA, superior to the claims and interests of all other parties, and that the Court direct the Trustee and/or MM or its designee to pay all amounts owing on account of the PSA to Defendant until its obligations are satisfied in full;

B. As to Count II of the Complaint:

    (i) That the Trustee's claim for a surcharge be denied unless and until a recovery is received by Defendant, and then only to the extent a benefit is provided by the Trustee to Defendant as a secured creditor in the Debtor's bankruptcy estate.

C. As to all Counts of the Complaint:

    (ii) That the Court grant such other and further relief as it deems just and equitable.

Respectfully submitted,

Dated: January 6, 2010

PETERS LAW FIRM, PLC

By: _s/ Timothy J. Peters_
Timothy J. Peters, #269979
2116 Second Avenue South
Minneapolis, MN 55404
Tel:   (612) 746-1475
Fax:   (612) 874-9793
Email: tpeters@peterslawplc.com

REED SMITH LLP
Gregory L. Taddonio, admitted *pro hac vice*
225 Fifth Avenue
Pittsburgh, PA  15222
Phone: (412) 288-7102
Fax:   (412) 288-3063
Email: gtaddonio@reedsmith.com

*Attorneys for Defendant,*
*Toyota Motor Credit Corporation*

-12-

**EXHIBIT A**



# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Return to:**
**Commonwealth Land Title Ins. Co.**
**222 S. Ninth St., Suite 3250**
**Minneapolis, MN 55402**
**File No. 219339**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #<br>#200516463571 filed 5/11/05 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☒ Debtor _or_ ☐ Secured Party of record. Check only _one_ of these two boxes.
Also check _one_ of the following three boxes _and_ provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regard to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION

| | | | | |
|---|---|---|---|---|
| OR | 6a. ORGANIZATION'S NAME<br>Inver Grove Motors LLC | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | | | | |
|---|---|---|---|---|
| OR | 7a. ORGANIZATION'S NAME | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any    ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only _one_ box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

See Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | | | | |
|---|---|---|---|---|
| OR | 9a. ORGANIZATION'S NAME<br>Toyota Motor Credit Corporation | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Minnesota Secretary of State

**FILING OFFICE COPY** – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## EXHIBIT A

ALL of Debtor's right, title and interest in and to the following:

(a) all money, accounts (including but not limited to, all advance warranty payments, incentive payments, rebates, refunds, or intercompany notes), deposit accounts, policies and certificates of insurance, tax refunds, and cash, whether now owned or hereafter acquired and arising from or in connection with the operations of the Debtor;

(b) all of the Debtor's personal property to the extent not sold to Midwest Motors, LLC ("MML") including: (i) all new Toyota-manufactured motor vehicles, all other new motor vehicles, all used motor vehicles, all trucks, van conversions and recreational vehicles, all additions and accessions, furnishing and supplies, and inventory property of like kind or type including replacements, substitutions, or additions and returns, whether now owned or hereafter acquired; (ii) all new and used goods, machinery, equipment, tools, appliances, office furniture and fixtures, office equipment and supplies, and goods of like kind or type including replacements, substitutions, or additions, whether now owned or hereafter acquired; and (iii) all documents, instruments, chattel paper, security agreements, contract rights, commercial tort claims, choses in action, causes of action, securities, investment property, general intangibles, including but not limited to, license rights, franchise rights, copyrights, patent rights, trademarks, service marks, trade names and goodwill, and any rights to the proceeds of a Personal Services Agreement between MML and Dennis E. Hecker (whether deemed as additional consideration for the sale of the Debtor's assets or otherwise), and whether now owned or hereafter acquired;

(c) all cash and non-cash proceeds from the sale or disposition of the foregoing, including proceeds of any insurance on any of the foregoing; and

(d) all books and records relating to any of the foregoing, including, but not limited to, ledgers, records, reports, computerized information and the hardware, software, or equipment containing such information.

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> **Return to:**
> **Commonwealth Land Title Ins. Co.**
> **222 S. Ninth St., Suite 3250**
> **Minneapolis, MN 55402**
> **File No. 219339**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # <br> #200614114261 filed 10/31/06 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT:** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor    or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regard to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION

| 6a. ORGANIZATION'S NAME <br> Inver Grove Motors LLC | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or   ☐ added, or give entire   ☒ restated collateral description, or describe collateral   ☐ assigned.

See Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME <br> Toyota Motor Credit Corporation | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

10. OPTIONAL FILER REFERENCE DATA
Minnesota Secretary of State

**FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)**

## EXHIBIT A

ALL of Debtor's right, title and interest in and to the following:

(a) all money, accounts (including but not limited to, all advance warranty payments, incentive payments, rebates, refunds, or intercompany notes), deposit accounts, policies and certificates of insurance, tax refunds, and cash, whether now owned or hereafter acquired and arising from or in connection with the operations of the Debtor;

(b) all of the Debtor's personal property to the extent not sold to Midwest Motors, LLC ("MML") including: (i) all new Toyota-manufactured motor vehicles, all other new motor vehicles, all used motor vehicles, all trucks, van conversions and recreational vehicles, all additions and accessions, furnishing and supplies, and inventory property of like kind or type including replacements, substitutions, or additions and returns, whether now owned or hereafter acquired; (ii) all new and used goods, machinery, equipment, tools, appliances, office furniture and fixtures, office equipment and supplies, and goods of like kind or type including replacements, substitutions, or additions, whether now owned or hereafter acquired; and (iii) all documents, instruments, chattel paper, security agreements, contract rights, commercial tort claims, choses in action, causes of action, securities, investment property, general intangibles, including but not limited to, license rights, franchise rights, copyrights, patent rights, trademarks, service marks, trade names and goodwill, and any rights to the proceeds of a Personal Services Agreement between MML and Dennis E. Hecker (whether deemed as additional consideration for the sale of the Debtor's assets or otherwise), and whether now owned or hereafter acquired;

(c) all cash and non-cash proceeds from the sale or disposition of the foregoing, including proceeds of any insurance on any of the foregoing; and

(d) all books and records relating to any of the foregoing, including, but not limited to, ledgers, records, reports, computerized information and the hardware, software, or equipment containing such information.



# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| A. NAME & PHONE OF CONTACT AT FILER [optional] |
|---|

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Return to:**
**Commonwealth Land Title Ins. Co.**
**222 S. Ninth St., Suite 3250**
**Minneapolis, MN 55402**
**File No. 219339**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # #200716047046 filed 2/23/07 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor     or ☐  Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regard to changing the name/address of a party.     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.     ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION

| 6a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Jacob Holdings of Highway 110 LLC | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or  ☐ added, or give entire  ☒ restated collateral description, or describe collateral  ☐ assigned.

See Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |  |  |  |
|---|---|---|---|
| Toyota Motor Credit Corporation | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

10. OPTIONAL FILER REFERENCE DATA
Minnesota Secretary of State

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## EXHIBIT A

ALL of Debtor's right, title and interest in and to the following:

(a) all money, accounts, deposit accounts, policies and certificates of insurance, tax refunds, and cash, whether now owned or hereafter acquired and arising from or in connection with the operations of the Debtor;

(b) all of the Debtor's personal property to the extent not sold to LKMCD Properties, LLC including: (i) all chattel paper, inventory, equipment, instruments, investment property, documents, letter of credit rights, security agreements, contract rights, commercial tort claims, choses in action, causes of action, securities, general intangibles, and any rights to the proceeds of a Personal Services Agreement between Midwest Motors LLC and Dennis E. Hecker (whether deemed as additional consideration for the sale of the Debtor's assets or otherwise), and whether now owned or hereafter acquired;

(c) all cash and non-cash proceeds from the sale or disposition of the foregoing, including proceeds of any insurance on any of the foregoing; and

(d) all books and records relating to any of the foregoing, including, but not limited to, ledgers, records, reports, computerized information and the hardware, software, or equipment containing such information.

# UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Return to:**
**Commonwealth Land Title Ins. Co.**
**222 S. Ninth St., Suite 3250**
**Minneapolis, MN 55402**
**File No. 219339**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. | This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|
| #200915635497 filed 4/7/09 | ☐ | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT:** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor __or__ ☐ Secured Party of record. Check only __one__ of these two boxes.
Also check __one__ of the following three boxes __and__ provide appropriate information in items 6 and/or 7.

☐ CHANGE name __and/or__ address: Please refer to the detailed instructions in regard to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

| 6. | CURRENT RECORD INFORMATION | | | |
|---|---|---|---|---|
| OR | 6a. ORGANIZATION'S NAME | | | |
| | Jacob Holdings of Highway 110 LLC | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7. | CHANGED (NEW) OR ADDED INFORMATION: | | | | | |
|---|---|---|---|---|---|---|
| OR | 7a. ORGANIZATION'S NAME | | | | | |
| | 7b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | | CITY | | STATE | POSTAL CODE | COUNTRY |
| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only __one__ box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

See Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Toyota Motor Credit Corporation | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Minnesota Secretary of State

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## EXHIBIT A

ALL of Debtor's right, title and interest in and to the following:

(a) all money, accounts, deposit accounts, policies and certificates of insurance, tax refunds, and cash, whether now owned or hereafter acquired and arising from or in connection with the operations of the Debtor;

(b) all of the Debtor's personal property to the extent not sold to LKMCD Properties, LLC including: (i) all chattel paper, inventory, equipment, instruments, investment property, documents, letter of credit rights, security agreements, contract rights, commercial tort claims, choses in action, causes of action, securities, general intangibles, and any rights to the proceeds of a Personal Services Agreement between Midwest Motors LLC and Dennis E. Hecker (whether deemed as additional consideration for the sale of the Debtor's assets or otherwise), and whether now owned or hereafter acquired;

(c) all cash and non-cash proceeds from the sale or disposition of the foregoing, including proceeds of any insurance on any of the foregoing; and

(d) all books and records relating to any of the foregoing, including, but not limited to, ledgers, records, reports, computerized information and the hardware, software, or equipment containing such information.

**EXHIBIT B**

Receipt#: 52017

ABSTRACT FEE     $46.00
ATT COPY         $2.00

**2666164**

Recorded on: 6/23/2009  02:40:35PM
By: TMB, Deputy

Return to:
COMMONWEALTH LAND TITLE SERVICES
222 S NINTH STREET
STE 3250
MINNEAPOLIS, MN  55402

Joel T. Beckman County Recorder
Dakota County, MN

COPY DEL'D

## RELEASE OF MORTGAGE (B) 9

Date: June **7**, 2009

     THAT CERTAIN MORTGAGE (the "Mortgage) owned by the undersigned, TOYOTA MOTOR CREDIT CORPORATION, a California corporation ("Mortgagee"), dated March 13, 2007, executed by JACOB HOLDINGS OF HIGHWAY 110 LLC, a Minnesota limited liability company, as Mortgagor, to Mortgagee, and recorded on April 3, 2007, as Document No. 2507280, in the Office of the Dakota County Recorder, Minnesota, is hereby released as to the real property described on Exhibit A attached hereto and any and all fixtures attached thereto.

     Nothing herein contained shall in anywise affect, alter or diminish the lien or encumbrance of the Mortgage on the remaining part of said mortgaged premises (including but not limited to, Mortgagee's lien and security interest in any account, document, chattel paper, contract right, commercial tort claim, or general intangible not acquired by LKMCD Properties, LLC, and any interest in the proceeds from a Personal Services Agreement between Dennis E. Hecker and Midwest Motors, LLC, whether deemed as additional consideration for the released premises or otherwise), or the remedies at law for recovering thereout or against the Mortgagor, its successors and assigns, the aforesaid principal sum, with interest secured by the Mortgage.

TOYOTA MOTOR CREDIT CORPORATION, a
California corporation

By: _____

Name:   U.N. WAHBEH

Title:   Dealer Sale - Service Mgr .

**Return to:**
**Commonwealth Land Title Ins. Co.**
**222 S. Ninth St., Suite 3250**
**Minneapolis, MN  55402**
**File No. 219331**

STATE OF *MINNESOTA*

COUNTY OF *HENNEPIN*

     This instrument was acknowledged before me on June *19*, 2009, by
*VonWahbeh*_____, as the *Peak Sher Serv Mgr* of TOYOTA MOTOR CREDIT
CORPORATION, a California corporation.



Title: *notary Public*

My Commission Expires: *1/31/2010*

THIS INSTRUMENT DRAFTED BY:

Gregory L. Taddonio, Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

WILLIAM J. OBRIEN
Notary Public
Minnesota
My Commission Expires January 31, 2010

- 2 -

## EXHIBIT A

The land herein referred to is situated in the County of Dakota, State of Minnesota and is described as follows:

Lot 6, except the West 30 feet thereof, Lot 7, and the South 274.8 feet of the West 350 feet of Lot 5, except the West 30 feet thereof, Glenn Clarke Homestead.

Dakota County, Minnesota

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,

Debtor.

Bky No. 09-50779

Chapter 7

RANDALL L. SEAVER, TRUSTEE,

Plaintiff,

v.

DENNIS E. HECKER, *et al.*,

Defendants.

Adv. Case No. 09-5045

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, January 6, 2010, I filed the following document electronically with the Clerk of Court through the Court's electronic filing system:

**Answer of Defendant, Toyota Motor Credit Corporation to the Plaintiff's Amended Complaint (with Exhibits A and B)**

The Court's ECF system will automatically serve an electronic notice of filing on the following registered users of ECF:

Matthew R. Burton          mburton@losgs.com

William R.Skolnick          wrskolnick@skolnick-shiff.com

1

Andrew Paul Moratzka    apm@mcmlaw.com

Stephen F. Grinnell    stephen.grinnell@gpmlaw.com

I further certify that on Wednesday, January 6, 2010, I served via United States Mail,

first-class postage prepaid, the above-referenced document on the following parties:

Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota
500 Ford Road
Minneapolis, MN 55426

Jacob Holdings of Highway 110 LLC
500 Ford Road
Minneapolis, MN 55426

Jacob Holdings of Akron Avenue LLC
500 Ford Road
Minneapolis, MN 55426

Toyota Financial Savings Bank
912 Ft. Duquesne Blvd.
Suite T
Pittsburgh, PA 15222

Dated:    January 6, 2010    PETERS LAW FIRM, P.L.C.


By: _s/ Timothy J. Peters_____
    Timothy J. Peters, #269979
2116 Second Avenue South
Minneapolis, MN 55404
Tel:    (612) 746-1475
Fax:    (612) 874-9793
Email: tpeters@peterslawplc.com

Gregory L. Taddonio
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Tel:   (412) 288-7102
Fax:   (412) 288-3063
Email: gtaddonio@reedsmith.com

***Attorneys for Defendant***
***Toyota Motor Credit Corporation***