**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
_____

In re:                                                                                                                     Bky No. 50779

Dennis E. Hecker,                                                                          Chapter 7

        Debtor.

_____

Randall L. Seaver, Trustee,

                                                                                                                                  Adv. No. 09-5045

        Plaintiff,

vs.                                                                   **ANSWER TO AMENDED COMPLAINT**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akrom Avenue LLC,

        Defendants.

_____

        As and for its Answer to Plaintiff's Amended Complaint (the "Complaint"), Defendant LKMCD Properties, LLC ("LKMCD") states and alleges as follows:

## **ANSWER**

        1.         Unless otherwise admitted or clarified herein, denies each and every allegation thereof.

        2.         Admits Plaintiff's allegations as contained in paragraphs 1, 2, 4, and 5.

        3.         Denies Plaintiff's allegations as contained in paragraphs 13 and 17, and puts Plaintiff to its strict burden of proof thereof.

4. With respect to Plaintiff's allegations in paragraph 3, admits an asset purchase agreement was executed on or about April 16, 2009, and affirmatively alleges that at the time of such execution, the buyer was known as Twin Cities Toyota, LLC, and the parties to such agreement contemplated the real estate would be leased with an option to purchase.

5. With respect to Plaintiff's allegations in paragraph 6, admits the parties executed a stipulation regarding treatment of the Personal Services Agreement ("PSA"), which speaks for itself, and that it purchased certain assets, and denies the remaining allegations.

6. With respect to Plaintiff's allegations in paragraph 7, is without specific information to know exactly when state and federal authorities "raided Debtor's personal residences and business premises" or the extent of such raids. With respect to the remaining allegations, LKMCD admits a closing for the purchase of certain real estate occurred on or about June 19, 2009, and denies the remaining allegations and inferences.

7. With respect to Plaintiff's allegations in paragraph 8, Debtor's schedules speak for themselves.

8. With respect to Plaintiff's allegations in paragraph 9, the PSA speaks for itself.

9. With respect to Plaintiff's allegations in paragraph 10, understands certain payments have been made pursuant to a stipulation to which it was a party executed on or about June 18, 2009, and denies the remaining allegations.

10. With respect to Plaintiff's allegations in paragraph 11, the suspension letter attached as Exhibit B to the Complaint speaks for itself.

11. With respect to Plaintiff's allegations in paragraph 12, admits the allegations and affirmatively alleges the collateral in the security agreement included, *inter alia*, inventory,

accounts, equipment, intangibles, and after acquired property.

12. With respect to Plaintiff's allegations in paragraph 14, is without specific information to admit or deny the allegations.

13. With respect to Plaintiff's allegations in paragraphs 15 and 16, these are legal allegations and therefore LKMCD denies the allegations and puts Plaintiff to its strict burden of proof thereof.

14. With respect to Plaintiff's allegations in paragraph 18, affirmatively states this court may have "related to" jurisdiction under 28 U.S.C. § 1334 and may hear this case pursuant to 28 U.S.C § 157(c), and denies the remaining allegations.

## COUNT I – DECLARATORY RELIEF

15. No response is necessary for Plaintiff's allegations contained in paragraph 19.

16. With respect to Plaintiff's allegations in paragraph 20, denies the allegations as contained in paragraph 20 a-c and e-f, and is without specific information to admit or deny the allegations in paragraph 20 d, and affirmatively alleges its properly perfected lien attached to the funds Plaintiff is currently holding in escrow.

## COUNT II – SURCHARGE

17. No response is necessary for Plaintiff's allegations contained in paragraph 21.

18. With respect to Plaintiff's allegations in paragraph 22, denies the allegations.

## AFFIRMATIVE DEFENSES

19. Plaintiff's allegations fail to state claims upon which relief can be granted.

**WHEREFORE**, Defendant LKMCD prays for judgment of the Court as follows:

1. Dismissing Plaintiff's claims against this Answering Defendant in their entirety with prejudice and on the merits;

2. Declaring LKMCD's rights in the PSA are properly perfected and in first priority;

3. Awarding LKMCD attorneys' fees and costs; and

4. Such other and further relief as this Court shall deem just and equitable.

Dated: <u>January 8, 2010</u>     MACKALL, CROUNSE & MOORE, PLC


By_/e/ Andrew P. Moratzka_____
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANT LKMCD PROPERTIES, LLC

1119659.5-APM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                                          Case No.: 09-50779

Dennis E. Hecker,                                                                               Chapter 7

        Debtor.
_____

Randall L. Seaver, Trustee,                                                                     Adv. Case No.: 09-5045

        Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

        Defendants.
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

<u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**LKMCD PROPERTIES, LLC'S ANSWER TO AMENDED COMPLAINT**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton     mburton@losgs.com
- Stephen F Grinnell    stephen.grinnell@gpmlaw.com
- Andrew Paul Moratzka  apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com
- Timothy J Peters      tpeters@peterslawplc.com, peters.timothy.james@gmail.com
- William R. Skolnick   wskolnick@skolnick-shiff.com, zpuchtel@skolnick-shiff.com;petricka@visi.com;rcargill@skolnick-shiff.com;dlarson@skolnick-shiff.com;sshiff@skolnick-shiff.com;abardwell@skolnick-shiff.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Inver Grove Motors LLC
d/b/a Denny Hecker's Inver Grove Toyota
500 Ford Rd
Minneapolis, MN 55426

Jacob Holdings of Akron Avenue LLC
500 Ford Rd
Minneapolis, MN 55426

Jacob Holdings of Highway 110 LLC
500 Ford Rd
Minneapolis, MN 55426

Toyota Financial Savings Bank
912 Ft. Duquesne Blvd, Ste T
Pittsburgh, PA 15222

Dated: January 8, 2010          Signed: /e/Jinah E. Finnes

1147677.1-JEF