# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:                                                      Bky No. 09-50779

Dennis E. Hecker,                                        Chapter 7

        Debtor.

---

Randall L. Seaver, Trustee,

                                                                                        Adv. No. 09-5045

        Plaintiff,

vs.                                                      **ANSWER AND COUNTERCLAIM**
                                                                      **TO AMENDED COMPLAINT**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akrom Avenue LLC,

        Defendants.

---

        As and for its Answer and Counterclaim to Plaintiff's Amended Complaint (the "Complaint"), Defendant Midwest Motors, LLC ("Midwest Motors") states and alleges as follows:

## **ANSWER**

        1.        Unless otherwise admitted or clarified herein, denies each and every allegation thereof.

        2.        Admits Plaintiff's allegations as contained in paragraphs 1, 2, 4, and 5.

3. Denies Plaintiff's allegations as contained in paragraphs 13 and 17, and puts Plaintiff to its strict burden of proof thereof.

4. With respect to Plaintiff's allegations in paragraph 3, admits an asset purchase agreement was executed on or about April 16, 2009, and affirmatively alleges that at the time of such execution, the buyer was known as Twin Cities Toyota, LLC, and the parties to such agreement contemplated the real estate would be leased with an option to purchase.

5. With respect to Plaintiff's allegations in paragraph 6, admits the parties executed a stipulation regarding treatment of the Personal Services Agreement ("PSA"), which speaks for itself, and that it purchased certain assets, and denies the remaining allegations.

6. With respect to Plaintiff's allegations in paragraph 7, is without specific information to know exactly when state and federal authorities "raided Debtor's personal residences and business premises" or the extent of such raids. With respect to the remaining allegations, Midwest Motors admits a closing for the purchase of certain assets occurred on or about June 19, 2009, and denies the remaining allegations and inferences.

7. With respect to Plaintiff's allegations in paragraph 8, Dennis E. Hecker's ("Debtor") schedules speak for themselves.

8. With respect to Plaintiff's allegations in paragraph 9, the PSA speaks for itself.

9. With respect to Plaintiff's allegations in paragraph 10, admits it has made four payments pursuant to a stipulation executed on or about June 18, 2009; denies the remaining allegations; and affirmatively alleges Debtor provided no services or value under the PSA, and has breached his obligations under the PSA, thereby warranting a return of the funds currently held by Plaintiff to Midwest Motors.

10. With respect to Plaintiff's allegations in paragraph 11, the suspension letter

attached as Exhibit B to the Complaint speaks for itself.

11. With respect to Plaintiff's allegations in paragraph 12, these allegations are not directed at Midwest Motors and thus do not require a response.

12. With respect to Plaintiff's allegation in paragraph 14, is without specific information to admit or deny.

13. With respect to Plaintiff's allegations paragraphs 15 and 16, these are legal allegations and therefore Midwest Motors denies the allegations and puts Plaintiff to its strict burden of proof thereof.

14. With respect to Plaintiff's allegation in paragraph 18, affirmatively states this court may have "related to" jurisdiction under 28 U.S.C. § 1334 and may hear this case pursuant to 28 U.S.C § 157(c), and denies the remaining allegations.

## COUNT I – DECLARATORY RELIEF

15. No response is necessary for Plaintiff's allegations contained in paragraph 19.

16. With respect to Plaintiff's allegations in paragraph 20, denies the allegations as contained in paragraph 20 a-c and e-f, is without specific information to admit or deny the allegations in Paragraph 20 d, and affirmatively alleges it has no obligation to continue making payments under the PSA because the PSA has been terminated according to its terms, thereby entitling Midwest Motors to a return of the funds presently held in escrow by the Plaintiff.

## COUNT II - SURCHARGE

17. No response is necessary for Plaintiff's allegations contained in paragraph 21.

18. With respect to Plaintiff's allegation in paragraph 22, denies the allegations.

## AFFIRMATIVE DEFENSES

19. Plaintiff's allegations fail to state claims upon which relief can be granted.

3

20. Plaintiff's allegations are barred by the doctrine of unclean hands.

21. Plaintiff's allegations are barred by the doctrine of *in pari delicto*.

## COUNTERCLAIM

1. On or about April 16, 2009, Inver Grove Motors, LLC d/b/a Denny Hecker's Inver Grove Toyota ("IGT") entered into an asset purchase agreement and certain related agreements ("APA") with Twin Cities Toyota, LLC, now known as Twin Cities Motors, LLC ("TCM").

2. The APA contemplated that, in conjunction with TCM's purchase of IGT's assets, TCM would execute leases of certain real property, with an option to purchase.

3. One of the other related agreements executed contemporaneously with the APA was the aforementioned PSA, the personal services agreement between Debtor, individually, and Twin Cities Automotive, LLC ("TCA"), TCM's parent company.

4. On or about May 7, 2009, Toyota Motor Sales, U.S.A., Inc. ("TMS"), exercised its right of first refusal with respect to the APA and PSA, and assigned those rights to Stephen J. McDaniels ("McDaniels").

5. As part of this assignment, McDaniels agreed to assume and perform all obligations under the APA and PSA as though he were the original party to those agreements.

6. On or about May 29, 2009, McDaniels assigned his rights and obligations under the APA and PSA to Midwest Motors with the express consent of TMS, thus obligating Midwest Motors as though it were the original party to the APA and PSA.

7. Neither McDaniels nor Midwest Motors were in a position to object or negotiate the terms of the PSA.

8. Neither McDaniels nor Midwest Motors objected to the PSA because both

4

believed, at the time of the assignment from TMS, the services of an individual with 35 years of experience in the auto industry could be valuable.

9. On or about June 4, 2009, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

10. On or about June 18, 2009, Plaintiff, Debtor, the selling entities under the APA, Midwest Motors, and LKMCD Properties, LLC ("LKMCD"), executed a stipulation allowing the closing of the APA to proceed with the parties reserving their respective rights to any payments made under the PSA and all rights of enforcement or termination.

11. The Bankruptcy Court approved this stipulation and authorized the sale on June 18, 2009.

12. On or about June 19, 2009, the APA was amended to reflect the agreement among the parties that LKMCD would be purchasing, and not leasing with an option to purchase, the real estate referenced in the APA at the closing.

13. On or about June 19, 2009, LKMCD did in fact purchase the real estate referenced in the amended APA under certain real estate purchase agreements with IGT's affiliated entities dated June 19, 2009.

14. On or about June 19, 2009, the closing on the APA occurred, obligating Midwest Motors and Debtor to perform under the terms of the PSA.

15. The PSA provides Midwest Motors with the right to suspend any payments due if any party commences litigation asserting the amounts due under the PSA are or should have been characterized as consideration for the APA.

16. The PSA provides Midwest Motors with the right to terminate the PSA in the event Debtor takes any action adversely impacting the business, reputation, or goodwill of

Midwest Motors.

17. The PSA provides Midwest Motors with the right to indemnification for costs and attorneys fees, as well as offset for future payment obligations under the PSA, as a result of the claims raised by Plaintiff in the Complaint, or other third parties.

18. Since the assignment of the APA and PSA to Midwest Motors, Debtor filed bankruptcy and continually appears negatively in the press.

19. Since the assignment of the APA and PSA to Midwest Motors, a federal grand jury has commenced investigations of Debtor.

20. Since the assignment of the APA and PSA to Midwest Motors, the Minnesota Department of Transportation and Taxing authorities have commenced investigations of Debtor.

21. As a result of these facts, and numerous other business transactions and personal activities of the Debtor, all of which have been documented for public consumption in the press, Midwest Motors elected to terminate all of its obligations under the PSA on September 30, 2009, retroactive to June 19, 2009.

22. Midwest Motors has demanded a return from Debtor and Plaintiff of the sum of $83,333.32 because Debtor had not provided services or value under the PSA and Midwest Motors has rightfully terminated the same.

23. Plaintiff has not returned the $83,333.32 or otherwise responded to Midwest Motors's demand.

### COUNT I – CONVERSION

24. Midwest Motors restates and realleges the foregoing paragraphs in this counterclaim.

25. Despite the demand from Midwest Motors, Plaintiff continues to hold the

$83,333.32.

26. Neither Plaintiff nor Debtor provided services or value under the PSA.

27. Neither Plaintiff nor Debtor has any legal or equitable right to the funds totaling $83,333.32 currently held by Plaintiff.

28. As a direct result of Plaintiff's wrongful refusal to return the funds, Midwest Motors has suffered damages in the amount of at least $83,333.32.

## COUNT II – UNJUST ENRICHMENT

29. Midwest Motors restates and realleges the foregoing paragraphs in this counterclaim.

30. Midwest Motors submitted four payments to Plaintiff under the PSA totaling $83,333.32, to be held in trust pending resolution of the present litigation.

31. Debtor did not perform, nor would Midwest Motors accept, any services from June 19, 2009, to September 30, 2009, which would warrant payment of the fee due for services under the PSA.

32. Midwest Motors submitted to Plaintiff a demand for return of the $83,333.32.

33. Plaintiff has not responded to Midwest Motors's demand or returned the $83,333.32.

34. The $83,333.32 is not property of the Debtor's bankruptcy estate.

35. Plaintiff has no legal or equitable right to retain the $83,333.32.

36. Debtor has no legal or equitable right to demand the $83,333.32.

37. Plaintiff and Debtor's bankruptcy estate will be unjustly enriched if allowed to keep funds for which no services or other value were rendered and for which Midwest Motors has terminated its obligation to Debtor under the PSA.

38. As a direct result of Plaintiff's actions, Midwest Motors has suffered damages in the amount of at least $83,333.32.

**WHEREFORE**, Defendant Midwest Motors prays for judgment of the Court as follows:

1. Dismissing Plaintiff's claims against this Answering Defendant in their entirety with prejudice and on the merits;

2. Judgment against Plaintiff and Debtor's bankruptcy estate for $83,333.32, plus costs and attorneys' fees under the terms of the PSA; and

3. Such other and further relief as this Court shall deem just and equitable.


Dated: <u>January 8, 2010</u>  MACKALL, CROUNSE & MOORE, PLC


By /e/ Andrew P. Moratzka
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANT MIDWEST MOTORS, LLC.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                          Case No.: 09-50779

Dennis E. Hecker,                                                               Chapter 7

         Debtor.
_____

Randall L. Seaver, Trustee,                                                     Adv. Case No.: 09-5045

         Plaintiff,
vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

         Defendants.
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

Jinah E. Finnes, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**MIDWEST MOTORS, LLC'S ANSWER AND COUNTERCLAIM
TO AMENDED COMPLAINT**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton    mburton@losgs.com
- Stephen F Grinnell    stephen.grinnell@gpmlaw.com
- Andrew Paul Moratzka    apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com
- Timothy J Peters    tpeters@peterslawplc.com, peters.timothy.james@gmail.com
- William R. Skolnick    wskolnick@skolnick-shiff.com, zpuchtel@skolnick-shiff.com;petricka@visi.com;rcargill@skolnick-shiff.com;dlarson@skolnick-shiff.com;sshiff@skolnick-shiff.com;abardwell@skolnick-shiff.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| Inver Grove Motors LLC<br>d/b/a Denny Hecker's Inver Grove Toyota<br>500 Ford Rd<br>Minneapolis, MN 55426 | Jacob Holdings of Akron Avenue LLC<br>500 Ford Rd<br>Minneapolis, MN 55426 |
| Jacob Holdings of Highway 110 LLC<br>500 Ford Rd<br>Minneapolis, MN 55426 | Toyota Financial Savings Bank<br>912 Ft. Duquesne Blvd, Ste T<br>Pittsburgh, PA 15222 |

Dated: January 8, 2010          Signed: /e/Jinah E. Finnes

1147674.1-JEF