UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In Re:<br><br>Dennis E. Hecker,<br><br>       Debtor, | Case No.: 09-50779<br>Chapter 7 |

_____

| | |
|---|---|
| Randall L. Seaver, Trustee,<br><br>       Plaintiff,<br><br>vs.<br><br>Dennis E. Hecker, Midwest Motors, LLC,<br>LKMCD Properties, LLC, Chrysler Financial Services<br>Americas LL, Toyota Motor Credit Corporation,<br>Inver Grove Motors LLC d/b/a Denny Hecker's<br>Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,<br>and Jacob Holdings of Akron Avenue LLC,<br><br>       Defendant. | ADV Case No. 09-5045<br><br>**REPLY TO COUNTERCLAIM OF<br>DEFENDANT MIDWEST MOTORS LLC** |

_____

       Plaintiff Randall L. Seaver, Trustee (the "**Trustee**"), as and for his Reply to the Counterclaim of Defendant Midwest Motors LLC ("**Defendant**"), states and alleges as follows:

       1.     Unless otherwise admitted or qualified herein, the Trustee denies each and every allegation of Defendant's Counterclaim.

       2.     The Trustee admits paragraph 1 of Defendant's Counterclaim.

       3.     The Trustee alleges that the documents referred to in paragraph 2 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

       4.     As to paragraph 3 of the Counterclaim, the Trustee admits the existence of the PSA, affirmatively alleges that it speaks for itself and denies Defendant's characterizations thereof.

5. As to paragraph 4 of the Counterclaim, the Trustee is without knowledge and information as to the timing of the exercise of the right of first refusal alleged therein but admits that the same occurred.

6. The Trustee denies paragraph 5 of Defendant's Counterclaim.

7. As to paragraph 6 of the Counterclaim, the Trustee is without knowledge and information regarding the allegations therein and, therefore, denies the same.

8. The Trustee denies paragraph 7 of Defendant's Counterclaim.

9. The Trustee denies paragraph 8 of Defendant's Counterclaim.

10. The Trustee admits paragraph 9 of Defendant's Counterclaim.

11. The Trustee alleges that the documents referred to in paragraph 10 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

12. The Trustee admits paragraph 11 of Defendant's Counterclaim.

13. The Trustee alleges that the documents referred to in paragraph 12 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

14. The Trustee admits paragraphs 13 and 14 of Defendant's Counterclaim.

15. The Trustee alleges that the documents referred to in paragraphs 15 through 17 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

16. The Trustee denies paragraph 18 of Defendant's Counterclaim.

17. The Trustee admits paragraph 19 of Defendant's Counterclaim.

18. The Trustee alleges that the documents referred to in paragraph 20 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

19. The Trustee alleges that the documents referred to in paragraph 21 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

20. The Trustee alleges that the documents referred to in paragraph 22 of Defendant's Counterclaim speak for themselves and denies the remainder of Defendant's allegations.

21. The Trustee admits paragraph 23 of Defendant's Counterclaim.

22. No response is necessary to paragraph 24 of Defendant's Counterclaim.

23. The Trustee admits paragraph 25 of Defendant's Counterclaim.

24. As to paragraph 26 of the Counterclaim, the Trustee is without knowledge and information regarding the allegations therein and, therefore, denies the same.

25. The Trustee denies paragraphs 27 and 28 of Defendant's Counterclaim.

26. No response is necessary to paragraph 29 of Defendant's Counterclaim.

27. The Trustee admits paragraph 30 of Defendant's Counterclaim.

28. As to paragraph 31 of the Counterclaim, the Trustee is without knowledge and information regarding the allegations therein and, therefore, denies the same.

29. The Trustee admits paragraphs 32 and 33 of Defendant's Counterclaim except for the characterization that the Trustee has failed to respond as this is the Trustee's response.

30. As to paragraph 34, the Trustee admits that the Complaint herein does not allege the PSA proceeds to be property of the estate except to the extent of surcharge.

31. The Trustee denies paragraphs 35 through 38 of Defendant's Counterclaim.

## **DEFENSES**

1. Defendant fails to state a claim upon which relief can be granted.

2. The Trustee has not knowingly received something of value to which he was not entitled which would be unjust to allow the Trustee to retain without compensating the

Defendant.

3. The parties are subject to a written agreement between them, approved the Court on June 18, 2009, barring Defendant's Counterclaim.

4. The Trustee is not holding property of the Defendant.

5. As a separate and alternative defense to Defendant's Counterclaim, the Trustee alleges that the claims contained in the Counterclaim may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure, or any Minnesota common law.  The extent to which Defendant's claims may be barred by one or more of said affirmative defenses not specifically set forth above, cannot be determined until the Trustee has had the opportunity to complete discovery, and the Trustee, therefore, incorporates all such affirmative defenses as if fully set forth herein.

**WHEREFORE**, the Trustee prays that the Court will grant the following relief:

1. That Defendant take nothing from its Counterclaim against the Trustee and that Defendant's Counterclaim be dismissed with prejudice;

2. That relief be granted in accord with the Trustee's Complaint;

3. That the Trustee be awarded his attorneys' fees and costs as allowed by law; and,

4. For such other and further relief the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: January 12, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Plaintiff
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota  55402-1234
(612) 332-1030

414955

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                              BKY No.: 09-50779

Dennis E. Hecker,                                                   Chapter 7

         Debtor.
_____

Randall L. Seaver, Trustee,
                                                   ADV Case No.: 09-5045

         Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

         Defendants.
_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2010, I caused the following documents:

> *Reply to Counterclaim of Defendant Midwest Motors LLC*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Dated: January 18, 2010

                                                         /e/ Stephanie Wood
                                                         _____
                                                         Stephanie Wood
                                                         100 South Fifth Street, Suite 2500
                                                         Minneapolis, MN 55402
                                                         (612) 332-1030

410920