UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                                                         Case No.:  09-50779
                                                                                           Chapter 7
Dennis E. Hecker,

        Debtor,

_____

Randall L. Seaver, Trustee,                                          ADV Case No. 09-5045

        Plaintiff,

vs.                                                                              **REPLY TO COUNTERCLAIM OF**
                                                                                  **DEFENDANT DENNIS E. HECKER**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LL, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

        Defendant.

_____

       Plaintiff Randall L. Seaver, Trustee (the "**Trustee**"), as and for his Reply to the Counterclaim of Defendant Dennis E. Hecker ("**Debtor**"), states and alleges as follows:

       1.     Unless otherwise admitted or qualified herein, the Trustee denies each and every allegation of Defendant's Counterclaim.

       2.     The Trustee denies paragraph 1 of Debtor's Counterclaim to the extent that the Personal Services Agreement ("**PSA**") is characterized as a legitimate agreement between the Debtor and Midwest Motors, LLC ("**MM**") and not a diversion of the purchase price to the Debtor.

       3.     The Trustee denies the allegations in paragraph 2 of Debtor's Counterclaim.

4.      The Trustee denies the allegations in paragraph 3 of Debtor's Counterclaim as the Trustee does not know which "concurrent agreements" Debtor refers to therein.

5.      The Trustee denies paragraphs 4 through 7 of Debtor's Counterclaim.

## DEFENSES

1.      The Debtor fails to state a claim upon which relief can be granted.

2.      The parties to this litigation entered into a "Settlement Agreement" which provided that MM would make payments under the PSA to the Trustee pending further order of this Court.

3.      Debtor executed the Settlement Agreement which was approved by the Court on June 18, 2009.

4.      The Trustee has not intentionally procured a breach of the PSA nor has the Trustee acted without justification.

5.      Debtor has not suffered any damages.

6.      The Trustee has not induced any party to avoid any contract or prohibited any party from entering into a contract.

7.      The Trustee is not holding property of the Debtor.

8.      Debtor's Counterclaim is made in bad faith and is contrary to law.  More specifically, the Counterclaim and request for attorney's fees are presented for an improper purpose, are not warranted by existing law and lack evidentiary support.

9.      As a separate and alternative defense to Defendant's Counterclaim, the Trustee alleges that the claims contained in the Counterclaim may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure, or

any Minnesota common law. The extent to which Defendant's claims may be barred by one or more of said affirmative defenses not specifically set forth above, cannot be determined until the Trustee has had the opportunity to complete discovery, and the Trustee, therefore, incorporates all such affirmative defenses as if fully set forth herein.

**WHEREFORE**, the Trustee prays that the Court will grant the following relief:

1.      That Debtor take nothing from his Counterclaim against the Trustee and that Debtor's Counterclaim be dismissed with prejudice;

2.      That the Trustee be awarded sanctions pursuant to Bankruptcy Rule 9011 due to the frivolous nature of Debtor's Counterclaim;

3.      That relief be granted in accord with the Trustee's Amended Complaint;

4.      That the Trustee be awarded, in addition to Bankruptcy Rule 9011 sanctions, his attorneys' fees and costs as allowed by law; and,

5.      For such other and further relief the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/ Matthew R. Burton

Dated: January 26, 2010        By_____

Matthew R. Burton, #210018
Attorneys for Plaintiff
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota  55402-1234
(612) 332-1030

415255

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                          Chapter 7

                Debtor.

_____

Randall L. Seaver, Trustee,

                                    ADV Case No.:  09-5045

                Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

                Defendants.

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2010, I caused the following documents:

    ***Reply to Counterclaim of Defendant Dennis E. Hecker***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

                                    /e/  Stephanie Wood

Dated:  January 26, 2010          _____

                               Stephanie Wood
                               100 South Fifth Street, Suite 2500
                               Minneapolis, MN  55402
                               (612) 332-1030

415263