| | |
|---|---|
| In re: | Bky No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

---

| | |
|---|---|
| Randall L. Seaver, Trustee, | |
| | Adv. No. 09-5045 |
| Plaintiff, | |
| vs. | **NOTICE OF EXPEDITED MOTION AND MOTION FOR PROTECTIVE ORDER** |
| Dennis E. Hecker, Midwest Motors, LLC, LKMCD Properties, LLC, Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation, Toyota Financial Savings Bank, Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, And Jacob Holdings of Akron Avenue LLC, | |
| Defendants. | |

---

TO:     John Neve, Neve Law, PLLC, 8500 Normandale Lake Blvd., Suite 1080, Minneapolis, MN 55437, the Debtor, and other entities specified in Local Rule 9013-3

        1.     Steve McDaniels, Chief Manager for Midwest Motors, LLC, and LKMCD

Properties, LLC, moves the court for the relief requested below and gives notice of hearing.

1

2.	The Court will hold a hearing on this motion on May 26, 2010, at 3:30 p.m. before the Honorable Robert Kressel in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel can be heard.

3.	Any objection to the relief requested herein must be filed and delivered before the hearing.	UNLESS A WRITTEN RESPONSE IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.	This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed.R.Bankr.P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  The case is now pending in this Court.

5.	This motion arises under Fed.R.Bankr.P. 7026 and 7037.  This motion is filed under Fed.R.Bankr.P. 9013 and 9014, and Local Rules 9013-1 and 9013-2. Movant requests an order from this Court temporarily prohibiting Debtor from taking his deposition.

## II.  FACTS

6.	Randall L. Seaver, Chapter 7 trustee ("Trustee"), commenced this adversary proceeding on September 29, 2009.

7.	Since that time, all parties to this adversary proceeding have diligently worked to resolve the issues in this adversary proceeding through a settlement.

8.	All parties, save and except Debtor, have agreed to a settlement agreement containing certain terms more specifically detailed and attached to the Trustee's motion to approve a compromise dated May 24, 2010 (the "Settlement Motion").

9.      On March 30, 2010, Debtor subpoenaed Mr. McDaniels to appear at a deposition scheduled to occur on April 6, 2010.[1]

10.     Counsel for Debtor and Counsel for McDaniels agreed to indefinitely post-pone Mr. McDaniels's deposition.[2]

11.     On May 17, 2010, Debtor subpoenaed Mr. McDaniels to appear at a deposition scheduled to occur on May 27, 2010.[3]

12.     On May 21, 2010, counsel for Mr. McDaniels informed counsel for Debtor that the parties to the litigation intended to stipulate to extend the trial date in order to finalize terms of settlement, which would be presented to Debtor.[4]

13.     Counsel for Debtor advised counsel for Mr. McDaniels that Debtor was unwilling to extend the trial date or postpone the deposition.[5]

14.     Counsel for Mr. McDaniels informed counsel for Debtor that this would force Mr. McDaniels to seek a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, as adopted by Rule 7026 of the Federal Rules of Bankruptcy Procedure, to avoid the undue burden and expense of preparing for a deposition while a settlement motion was pending.[6]

15.     Despite this good faith attempt at avoiding court involvement, Mr. McDaniels is now seeking a protective order under Rule 26(c) of the Federal Rules of Civil Procedure for temporary relief from the scheduled deposition.

---

[1] Affidavit of Andrew P. Moratzka, ¶2. (Moratzka Aff., ¶ _.)
[2] Moratzka Aff., ¶ 3.
[3] Moratzka Aff., ¶ 4.
[4] Moratzka Aff., ¶ 5.
[5] Moratzka Aff., ¶ 6.
[6] Moratzka Aff., ¶ 7.

16.     In particular, Mr. McDaniels requests this Court prohibit Debtor from deposing him until this Court has ruled on the Settlement Motion.

WHEREFORE, Mr. McDaniels respectively requests that the Court:

1.      Enter an order prohibiting Debtor from deposing him until this Court has ruled on the Settlement Motion;

2.      Awarding Mr. McDaniels' attorney's fees and costs in the amount of $1,900 for bringing this motion; and

3.      For such other relief as is just and equitable.

Dated: May 24, 2010                     MACKALL, CROUNSE & MOORE, PLC


By /e/ Andrew P. Moratzka
   Andrew P. Moratzka (#0322131)
   1400 AT&T Tower
   901 Marquette Avenue
   Minneapolis, MN  55402
   (612) 305-1400

   ATTORNEYS FOR MIDWEST MOTORS, LLC
   AND LKMCD PROPERTIES, LLC

1249083.1-APM

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Bky No. 09-50779

Dennis E. Hecker,                                              Chapter 7

        Debtor.

_____

Randall L. Seaver, Trustee,

                                          Adv. No. 09-5045

        Plaintiff,

vs.                                   **AFFIDAVIT OF ANDREW P. MORATZKA IN SUPPORT
OF EXPEDITED MOTION FOR PROTECTIVE ORDER**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

        Defendants.

_____

STATE OF MINNESOTA    )
                            ) ss
COUNTY OF HENNEPIN   )

        Andrew P. Moratzka, attorney for Defendant in this case, having been sworn on oath states as follows:

        1.      I am one of the attorneys Midwest Motors, LLC, LKMCD Properties, LLC, and

Steven McDaniels.

2. On March 30, 2010, Debtor subpoenaed Mr. McDaniels to appear at a deposition scheduled to occur on April 6, 2010.

3. Counsel for Debtor and I agreed to indefinitely post-pone Mr. McDaniels's deposition.

4. On May 17, 2010, Debtor subpoenaed Mr. McDaniels to appear at a deposition scheduled to occur on May 27, 2010.

5. On May 21, 2010, I informed counsel for Debtor that the parties to the litigation intended to stipulate to extend the trial date in order to finalize terms of settlement, which would be presented to Debtor.

6. After checking with his client, counsel for Debtor advised me on May 21 that Debtor was unwilling to extend the trial date or postpone the deposition.

7. I then informed counsel for Debtor on May 21 that this would force Mr. McDaniels to seek a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, as adopted by Rule 7026 of the Federal Rules of Bankruptcy Procedure, to avoid the undue burden and expense of preparing for a deposition while a settlement motion was pending.

8. We continued these discussions over the weekend.

9. The written communications detailing these facts are attached to this affidavit as Exhibit 1.

10. Despite this good faith attempt at avoiding court involvement, Debtor continues to refuse to postpone Mr. McDaniels's deposition.

11. In addition to electronic service, my office e-mailed these motion documents to counsel for Mr. Hecker to ensure notice of this expedited hearing.

12.     Mr. McDaniels has incurred $1,750 in fees and $150 in costs as a direct result of being forced to bring this motion for a protective order.

Dated: May 24, 2010                         MACKALL CROUNSE & MOORE, PLC


Andrew P. Moratzka (# 0322131)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402
(612) 305-1400


Subscribed and sworn to before me
this 24th day of May 2010.


Notary Public
JINAH E. FINNES
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2011

1249106.1-APM

EXHIBIT

**1**

| | |
|---|---|
| **From:** | Andrew P. Moratzka |
| **Sent:** | Monday, May 24, 2010 9:15 AM |
| **To:** | Andrew P. Moratzka; 'jneve@nevelaw.com'; William J. O'Brien; 'smcdaniels@maplewoodtoyota.com' |
| **Cc:** | Jinah E. Finnes |
| **Subject:** | RE: Seaver v. Hecker, ADV Case No. 09-5045 |
| **Attachments:** | mcdaniels joint statement under local rule 7037-1.DOCX^ |

John-

I did not hear from you yesterday. I am therefore going to assume you still intend to depose Mr. McDaniels.

Local Rule 7037-1 of the Federal Rules of Bankruptcy Procedure require us to submit a joint statement regarding our discovery dispute prior to the hearing. My draft is attached. Please let me know if you have any comments.

We will be filing the motion for a protective order this morning. We have a hearing scheduled for 3:30 p.m. on Wednesday, May 26, 2010. We will e-mail the documents after they are filed.

Please let me know if you have any questions.

Thanks.

---

**Andrew P. Moratzka**
*Attorney at Law*

**612.305.1418**
apm@mcmlaw.com

**Mackall, Crounse & Moore, PLC**
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402

Main: 612.305.1400
Fax: 612.305.1414
Bio: Click here for my bio
Web: www.mcmlaw.com

---

**From:** Andrew P. Moratzka
**Sent:** Sunday, May 23, 2010 4:15 PM
**To:** 'jneve@nevelaw.com'; William J. O'Brien; 'smcdaniels@maplewoodtoyota.com'
**Subject:** Re: Seaver v. Hecker, ADV Case No. 09-5045

John

I just reviewed your message and left you a voice mail. I disagree with your assertion that we have thwarted your attempts

to take Mr. McDaniels's deposition. You did not contact me for nearly a month after you served a subpoena on Mr. McDaniels, which was the first time he had been served with a subpoena. Mr. Hecker's previous attorney did not attempt to take the deposition of Mr. McDaniels (a third party to this litigation) through either a subpoena or under Rule 30(b)(6).

Any scheduling difficulties have arisen because of my schedule and the schedule of Mr. McDaniels. It should be clear that all Toyota dealers, including Mr. McDaniels, have had a number of issues to address this year.

I am happy to discuss any questions you have regarding the settlement agreement. In the meantime, it would seem to save every party fees and costs to avoid a deposition. As it stands, no other party intends to depose Mr. McDaniels unless the Court rejects the settlement agreement. We would conceivably have to produce Mr. McDaniels twice under your demand. Therefore, I disagree that the Court will deny our motion.

Please call me at your convenience. Again, my cell number is 612 508 3075.

Thanks.

Andrew P. Moratzka
Attorney at Law
Mackall, Crounse & Moore, PLC
612-305-1418

---

**From:** John Neve <jneve@nevelaw.com>
**To:** Andrew P. Moratzka
**Sent:** Sat May 22 15:25:53 2010
**Subject:** Re: Seaver v. Hecker, ADV Case No. 09-5045
Drew:

Thank you for your e-mail. The settlement agreement you have provided raises more questions than resolving them. If you have the opportunity, please call me on my mobile number over the weekend. My number is: 952-994-2232.

I think your threat of a protective order and seeking fees for bringing the motion is somewhat disingenuous. We have repeatedly and in good faith attempted to take the deposition of McDaniels for months. You have consistently refused to produce him, even when under a valid subpoena. I do not think the Judge will find your protective order meritorious and will instead grant the order to show cause that we intend to file. With that said, I hope we can work toward a settlement and resolve this matter expeditiously.

John Neve, Esq.
Neve Law, PLLC
8500 Normandale Lake Blvd., Suite 1080
Minneapolis, MN 55437
Main: 952.746.2400
Direct: 952.929.3232
Fax: 952.746.2401
jneve@nevelaw.com

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail

at jneve@nevelaw.com or by telephone at 952.929.3232 and delete the message and any attachments from your system.

On May 21, 2010, at 4:51 PM, Andrew P. Moratzka wrote:

John-

Please find the Settlement Agreement attached. We hope Mr. Hecker finds the terms acceptable. You will note that there is language on page 6, paragraph 14, that we intend to insert if Mr. Hecker does not give his approval.

Please let us know by 12:00 p.m. on Monday May 24, 2010, whether Mr. Hecker accepts the terms. If we have not heard from you at that time, we will assume Mr. Hecker rejects the settlement.

In the meantime, I will continue drafting the memorandum in support of our motion for a protective order. Please reconsider taking Mr. McDaniels's deposition at the scheduled time in light of all the efforts made in attempting to settle this matter. Again, we are only seeking to postpone Mr. McDaniels's deposition until the Court has ruled on the Settlement Agreement. We will be asking the Court to award costs and fees under Rule 7037 of the Federal Rules of Bankruptcy Procedure in the event we are forced to bring the motion for a protective order.

Please do not hesitate to contact me with questions.

---

**Andrew P. Moratzka**                    <image001.gif>
*Attorney at Law*


**612.305.1418**
apm@mcmlaw.com

**Mackall, Crounse & Moore, PLC**
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402

Main: 612.305.1400
Fax: 612.305.1414
Bio: Click here for my bio
Web: www.mcmlaw.com

---

**From:** John Neve [mailto:jneve@nevelaw.com]
**Sent:** Friday, May 21, 2010 11:30 AM
**To:** Andrew P. Moratzka
**Cc:** William J. O'Brien; James Jorissen
**Subject:** Re: Seaver v. Hecker, ADV Case No. 09-5045

Andrew:

Thank you for your e-mail. I will not be able to consider your request to postpone the deposition of McDaniels without first seeing your settlement proposal. Please send it to me at your earliest opportunity.

John Neve, Esq.
Neve Law, PLLC
8500 Normandale Lake Blvd., Suite 1080
Minneapolis, MN 55437
Main: 952.746.2400
Direct: 952.929.3232
Fax: 952.746.2401
jneve@nevelaw.com

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail at jneve@nevelaw.com or by telephone at 952.929.3232 and delete the message and any attachments from your system.

On May 21, 2010, at 10:47 AM, Andrew P. Moratzka wrote:

John-

Pursuant to our telephone conversation, we hope to send you a copy of the settlement proposal before the end of the day. It is our intention to move this matter forward, with or without Mr. Hecker's consent, at the beginning of next week. That said, I would greatly appreciate a continuance of Mr. McDaniel's deposition until after the Court has ruled on the settlement.

I understand at this time you intend to take Mr. McDaniel's deposition on May 27. I urge you to reconsider. If I have not received your consent to a continuance before the end of the day today, we will be forced to file a motion for a protective order to preclude the taking of Mr. McDaniel's deposition until after the Court has ruled on the settlement.

Please do not hesitate to contact me with questions.

Thank you.

---

**Andrew P. Moratzka**                    <image001.gif>
*Attorney at Law*

**612.305.1418**
apm@mcmlaw.com

**Mackall, Crounse & Moore, PLC**
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402

Main: 612.305.1400
Fax: 612.305.1414
Bio: Click here for my bio
Web: www.mcmlaw.com

---

**From:** John Neve [mailto:jneve@nevelaw.com]
**Sent:** Friday, May 21, 2010 10:31 AM
**To:** Andrew P. Moratzka
**Subject:** Seaver v. Hecker, ADV Case No. 09-5045

Andrew:

My client is unwilling to stipulate to an extension of the trial date. Therefore, it is imperative that Mr. McDaniels' deposition is taken as soon as possible. We will proceed forward with the deposition on May 27, 2010. If you and your client are unwilling to attend the subpoenaed deposition on that date, please advise immediately and we will file the appropriate motion to compel his attendance.

Mr. Hecker is willing to discuss settlement of this matter, but the offers date have been woefully inadequate, particularly given that there is no evidence that the PSA was disguised purchase price. If your client is willing to engaged in good faith negotiations, as opposed to delay tactics, I believe we could get this matter resolved without further litigation.

John Neve, Esq.
Neve Law, PLLC
8500 Normandale Lake Blvd., Suite 1080
Minneapolis, MN 55437
Main: 952.746.2400
Direct: 952.929.3232
Fax: 952.746.2401
jneve@nevelaw.com

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail at jneve@nevelaw.com or by telephone at 952.929.3232 and delete the message and any attachments from your system.

******
Message scanned for viruses by mailMAX

******
IMPORTANT NOTICE:
This email message, including attachments, is covered by the Electronic Communications
Privacy Act, 18 U.S.C. 2510-2521, and for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized review, use,
copying, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact sender by phone or reply via email and destroy all copies of the original
message. Thank you.

Any tax information contained in this email or its attachments is not intended, and cannot
be used by the taxpayer or any other person, to avoid any civil or criminal tax penalties
which the Internal Revenue Service or another governmental agency may impose on the
taxpayer or any other person for acting in reliance upon information contained in this email
or its attachments.

Main tel: 612-305-1400
Main fax: 612-305-1414


Message scanned for viruses by mailMAX

******
Message scanned for viruses by mailMAX


******
IMPORTANT NOTICE:
This email message, including attachments, is covered by the Electronic Communications
Privacy Act, 18 U.S.C. 2510-2521, and for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized review, use,
copying, disclosure or distribution is prohibited. If you are not the intended recipient,
please contact sender by phone or reply via email and destroy all copies of the original
message. Thank you.

Any tax information contained in this email or its attachments is not intended, and cannot
be used by the taxpayer or any other person, to avoid any civil or criminal tax penalties
which the Internal Revenue Service or another governmental agency may impose on the
taxpayer or any other person for acting in reliance upon information contained in this email
or its attachments.

Main tel: 612-305-1400
Main fax: 612-305-1414


Message scanned for viruses by mailMAX

<#6 Settlement Agreement and Release - Hecker - Seaver v. Midwest Motors, LLC et al.DOCX>


******
Message scanned for viruses by mailMAX

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                          Bky No. 09-50779

Dennis E. Hecker,                                              Chapter 7

      Debtor.

---

Randall L. Seaver, Trustee,

                                          Adv. No. 09-5045

      Plaintiff,

vs.                                                   **JOINT STATEMENT UNDER
                                                       LOCAL RULE 7037-1**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

      Defendants.

---

After numerous telephone and e-mail communications, counsel for Steven McDaniels and counsel for Dennis Hecker are unable to resolve their disagreement concerning the timing of Mr. McDaniels's deposition. Counsel for Mr. McDaniels requests this Court enter a protective order staying Mr. McDaniels's deposition pending its decision regarding a settlement agreement that will be dispositive of this adversary proceeding. Counsel for Mr. Hecker wants to depose Mr. McDaniels on May 27, 2010.

Dated: May 24, 2010                    MACKALL, CROUNSE & MOORE, PLC

By /e/ Andrew P. Moratzka
    Andrew P. Moratzka (#0322131)
    1400 AT&T Tower
    901 Marquette Avenue
    Minneapolis, MN  55402
    (612) 305-1400

Dated: May 24, 2010                    NEVE LAW, PLLC

By /e/ John Neve
    John Neve (#278300)
    8500 Normandale Lake Blvd.
    Suite 1080
    Minneapolis, MN  55437
    (952) 929-3232

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                              Bky No. 09-50779

Dennis E. Hecker,                                                                        Chapter 7

        Debtor.

_____

Randall L. Seaver, Trustee,

                                                        Adv. No. 09-5045

        Plaintiff,

vs.                                            **MEMORANDUM OF LAW IN SUPPORT OF**
                                               **EXPEDITED MOTION FOR PROTECTIVE ORDER**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

        Defendants.

_____

# I.    <u>INTRODUCTION</u>

Under the Federal Rules of Bankruptcy Procedure, a party may obtain a protective order

from the court to avoid undue burden and expense in responding to discovery. The court may

include in its order terms, including the time and place, for the discovery sought. Here,

Defendant Dennis E. Hecker ("Debtor") intends to impose unnecessary costs and expenses on

Steven McDaniels, a third-party to this litigation, by demanding a deposition. Debtor is making

this demand while fully aware that the parties to this adversary proceeding intend to resolve the

1

dispute through a settlement agreement filed in this court on May 24, 2010 ("Settlement Agreement"). The issue is whether the scheduled deposition should be postponed until further order from this Court regarding the Settlement Agreement.

## II.    FACTS

The facts as set forth in the attached Notice of Motion and Motion are incorporated herein.

## III.    ANALYSIS

A party objecting to a subpoena has the following three options: (1) serve a written objection, (2) move to quash, or (3) seek a protective order under Rule 26 of the Federal Rules of Civil Procedure. MOORE'S FEDERAL RULES OF PRACTICE, 3d Ed., Vol. 7, § 45.30. Rule 26(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure, permits a court to enter a protective order in the event discovery would impose an undue burden or expense. Rule 26(c) states "The court may, for good cause, issue an order to protect a party from annoyance…undue burden or expense, including one or more of the following…(B) specifying terms, including time and place, for the disclosure or discovery." FED.R.CIV.P 26(c)(1)(B). Discovery can even be stayed pending the outcome of a dispositive motion if the pending motion is dispositive of the entire case and the pending motion can be decided without additional discovery. *See e.g., Pacific Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351-52 (N.D. Cal 2003). In the event such an order is entered, the court has the authority to award expenses to the moving party. FED.R.CIV.P. 26(c)(3), 35(a)(5).

All parties in the present litigation have attempted to resolve this adversary proceeding via settlement. The resulting Settlement Agreement reflects these efforts and is a fair and dispositive resolution for all parties claiming an interest in the personal services agreement

("PSA"). Debtor's continuing demand to depose Mr. McDaniels appears to be for the purpose of annoying Mr. McDaniels or imposing an undue burden or expense on Mr. McDaniels. The Court should therefore enter an order prohibiting Debtor's counsel from deposing Mr. McDaniels until it has issued an order regarding the Settlement Agreement. And only if the Settlement Agreement is rejected should Debtor's counsel be allowed to depose Mr. McDaniels. In the event the Court ultimately denies approval of the Settlement Agreement, Mr. McDaniels agrees and intends to comply with all applicable discovery rules.

Any claim by Debtor that discovery is necessary to object to the Settlement Agreement should be rejected. Debtor waived his right to object to a settlement agreement after six months of litigation. Paragraph 12(b) of the PSA states:

> [Midwest Motors, LLC ("Midwest")] will use commercially reasonable efforts to defend against any Claims[1] so long as Hecker is not in default under the terms of this Agreement. For the avoidance of doubt, the term commercially reasonable efforts in this context shall include that [Midwest] will not settle any Claims for a period of at least six (6) months from the date a Claim is first asserted, in litigation or otherwise, and notice thereof has been provided to Hecker. [Midwest] . . . shall present to Hecker any settlements it intends to enter into in advance for his approval, *which settlements shall be deemed to be approved by Hecker* unless [Midwest] has breached its obligations to use commercially reasonable efforts to defend.

Midwest has defended the claims asserted by the Trustee and other defendants to this adversary proceeding for well over six months. As a result, Debtor has no right or standing to object to the Settlement Agreement or seek additional discovery regarding the Settlement Agreement. The Court should therefore enter an order prohibiting Debtor's counsel from deposing Mr. McDaniels until it has issued an order regarding the Settlement Agreement.

---

[1] Defined under paragraph 11 of the PSA to include any claims commenced in bankruptcy court that the consideration paid should have been characterized as purchase price under the applicable asset purchase agreement.

## IV.    CONCLUSION

The Court has the authority to issue a protective order to avoid annoyance or undue burden and expense.  Here, it appears Debtor is demanding the deposition of Mr. McDaniels for the purpose of imposing an undue burden and expense.  Mr. McDaniels therefore respectfully requests this Court enter an order prohibiting the taking of his deposition until it has addressed the Settlement Agreement.  If granted, Mr. McDaniels further requests the Court enter an order requiring Debtor or his counsel to pay Mr. McDaniels's reasonable attorneys' fees and costs in bringing this motion.


Dated: May 24, 2010                    MACKALL, CROUNSE & MOORE, PLC


                                       By /e/ Andrew P. Moratzka
                                          Andrew P. Moratzka (#0322131)
                                          1400 AT&T Tower
                                          901 Marquette Avenue
                                          Minneapolis, MN  55402
                                          (612) 305-1400

                                          ATTORNEYS FOR MIDWEST MOTORS, LLC
                                          AND LKMCD PROPERTIES, LLC

                                                               1249140.1-APM

4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | Adv. Case No.: 09-5045 |
| Plaintiff, | |
| vs. | |

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC,

        Defendants.

---

## UNSWORN DECLARATION FOR PROOF OF SERVICE

---

<u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

### Notice of Expedited Motion and Motion for Protective Order; Affidavit of Andrew P. Moratzka; Memorandum of Law; and Proposed Order

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- Stephen F Grinnell    stephen.grinnell@gpmlaw.com
- Andrew Paul Moratzka    apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com
- Timothy J Peters    tpeters@peterslawplc.com,
  peters.timothy.james@gmail.com;bfrank@peterslawplc.com
- Will R. Tansey    wrtansey@ravichmeyer.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Inver Grove Motors, LLC
D/B/A Denny Hecker's Inver Grove Toyota
500 Ford Road
Minneapolis, MN 55426

Jacob Holdings Of Akron Avenue, LLC
500 Ford Road
Minneapolis, MN 55426

Jacob Holdings of Highway 110, LLC
500 Ford Road
Minneapolis, MN 55426

Midwest Motors, LLC
2873 Highway 61 N
Maplewood, MN 55109

John R. Neve
8500 Normandale Blvd, Ste 1080
Minneapolis, MN 55437

Randall L. Seaver - Trustee
12400 Portland Ave S, Ste 132
Burnsville, MN 55337

Dated: May 24, 2010          Signed: /e/Jinah E. Finnes _____

1249338.1-JEF

In re:                                                      Bky No. 09-50779

Dennis E. Hecker,                                                    Chapter 7

       Debtor.

_____

Randall L. Seaver, Trustee,

                                                     Adv. No. 09-5045

       Plaintiff,

vs.                                                                  **ORDER**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

       Defendants.

_____

       This case is before the court on the Steven McDaniels Expedited Motion for a Protective Order.

       Based on the motion and the file and the court being fully advised in the premises,

       **IT IS ORDERED**:

1.     Mr. McDaniels's motion for expedited relief is granted.

2.     Mr. McDaniels's deposition currently scheduled for May 27, 2010, is stayed pending a decision on the settlement agreement in this adversary proceeding.

3.    In the event the settlement agreement is denied, counsel for Mr. McDaniels and counsel for Dennis Hecker shall arrange a mutually acceptable time for Mr. McDaniels's deposition.

4.    In the event the settlement agreement is approved, Mr. McDaniels shall not be deposed.

5.    Mr. McDaniels is awarded $1,900 in costs and attorneys' fees, which sum shall be paid by Mr. Hecker's counsel, John Neve.

**BY THE COURT:**

Dated: _____

_____
Robert J. Kressel
U.S. Bankruptcy Judge