# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Dennis E. Hecker | Bky No. 09-50779 |
| Debtor, | Chapter 7 |

| | |
|---|---|
| Randall L. Seaver, Trustee | |
| Plaintiff, | **DEFENDANT AND DEBTOR DENNIS HECKER'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| Dennis E. Hecker, et. al. | Adv. No. 09-5045 |
| Defendants | |

## INTRODUCTION

Steven McDaniels has filed a motion seeking to avoid his deposition in an adversary proceeding related to the bankruptcy of Defendant/Debtor Dennis E. Hecker ("Hecker"). The central issue in this adversary proceeding is whether Hecker is entitled to compensation from Defendant Midwest Motors, LLC ("Midwest Motors") pursuant to a Personal Services Agreement ("PSA") between Hecker and Midwest Motors. McDaniels is the owner and operator of Midwest Motors. As such, McDaniels has a great deal of knowledge relevant to the contested issues in this adversary proceeding. Hecker has been attempting to depose McDaniels for months, and McDaniels has simply avoided the deposition, even after being subpoenaed. Now, McDaniels makes an eleventh hour Motion for Protective Order along with a spurious request for monetary sanctions. McDaniel's Motion should be DENIED.

**FACTUAL BACKGROUND**

Hecker and Midwest Motors entered into a contract whereby Hecker was to provide consultation and advice to Midwest Motors in exchange for monetary compensation. The issues in this adversary proceeding relate to the interpretation of the PSA and its performance. McDaniels is the owner and operator of Midwest Motors. McDaniels assumed the PSA with Hecker on behalf of Midwest Motors as part of the purchase of the Inver Grove Toyota dealership that was owned by Hecker. Midwest Motors has been a party to the PSA from the commencement of performance under the agreement. As such, McDaniels has knowledge and information as to the parties' understanding of the meaning of that contract and its performance.

Midwest Motors and Plaintiff Trustee Randall Seaver ("Seaver") both interpret the contract as allowing Midwest Motors and Seaver to arbitrarily reduce the amount of compensation that Hecker receives. Hecker disagrees with that interpretation of the contract. Seaver has filed a Motion to Confirm a "settlement agreement" that Seaver and Midwest Motors negotiated without Hecker's approval. Hecker opposes the Motion to Confirm the "settlement agreement." Hecker seeks to depose McDaniels in order to assist Hecker in demonstrating the true meaning of the contract between Hecker and Midwest Motors.

For the past several months, Hecker has attempted to take McDaniels' deposition. McDaniels has been nonresponsive and uncooperative. On March 3, 2010, Hecker's former attorney, William Skolnick, served McDaniel's counsel with a Notice of Taking Deposition of Steven McDaniels. (Declaration of John R. Neve ("Neve Dec.") Ex. A.)

The deposition was set for March 11, 2010. (*Id.*) To accommodate McDaniels and his attorney's schedules, Mr. Skolnick agreed to reschedule the deposition to March 25, 2010. This agreement was confirmed in e-mail correspondence between Mr. Skolnick and Andrew Mortazka. (Neve Dec. Ex. B.) Based upon their agreement, Mr. Skolnick served an Amended Notice of Deposition rescheduling McDaniels' deposition to March 25, 2010. (Neve Dec. Ex. C.)

McDaniel's counsel then reneged on his agreement and refused to produce McDaniels for deposition. (Neve Dec. Ex. D.) (transcript documenting McDaniels' failure to attend agreed-upon deposition). After agreeing to voluntarily produce McDaniels for deposition, his counsel changed his position and demanded that McDaniels be subpoened. As a result, a subpoena was served on McDaniels on March 29, 2010, setting his deposition for April 6, 2010. Hecker's current counsel agreed to postpone that subpoenaed deposition due to McDaniels' travel schedule, but it was never agreed to postpone it indefinitely. (Neve Dec. ¶ 9.)

Part of the reason for postponing the deposition was to discuss settlement, but settlement discussions stalled. Consequently, on May 17, 2010, Hecker's counsel served an amended subpoena on McDaniels, setting McDaniels' deposition for May 27, 2010.

Because of McDaniels' prior failure to cooperate with earlier efforts to take his deposition, Hecker's attorney sent an email to counsel for McDaniels on May 21, 2010 stating that the deposition the following week was going forward and indicating that Hecker would bring a Motion to Compel in the event that McDaniels was unwilling to attend his deposition. (Moratzka Aff. Ex. 1.) McDaniels' attorney responded with emails

3

demanding a continuance of McDaniels deposition and threatening a Motion for Protective Order and Sanctions if a continuance was not granted. (*Id.*). On Saturday, May 22, 2010, Hecker's attorney responded to McDaniels' attorney's emails with an email stating that McDaniels has no basis to seek a protective order and also expressing a desire to work towards a settlement with McDaniels. (*Id.*) On Sunday May 23, 2010, McDaniels' attorney responded with an email in which he once again threatened a Motion for Protective Order. (*Id.*). On Monday morning, May 24, 2010, McDaniels filed this Motion for Protective Order and scheduled the Motion to be heard two days later. McDaniels also seeks monetary sanctions.

**ARGUMENT**

**I.     DEPOSITION OF MCDANIELS IS CLEARLY WITHIN THE SCOPE OF DISCOVERY**

The federal discovery rules provide for broad discovery. *Schlagenhoff v. Holder,* 379 U.S. 104, 115 (1964) ("the deposition-discovery rules are to be accorded a broad and liberal treatment … to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark.") (internal cites and quotations omitted). In accordance with this policy of liberal discovery, Fed. R. Civ. P. 26(a)(1) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7026) provides that as a general matter "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The discovery request need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In this case, testimony obtained at McDaniels' deposition will be crucial to Hecker's case in this adversary proceeding. This entire proceeding hinges on the interpretation of the PSA that McDaniels assumed on behalf of Midwest Motors. One could hardly imagine a more relevant deposition than that of McDaniels. Therefore, McDaniels argument that the taking of his deposition is unduly burdensome is without merit.

Likewise, McDaniels argument that the pending dispositive motion renders McDaniels' deposition premature entirely misses the point. The deposition is especially necessary *because of* the pending dispositive motion. McDaniels' testimony as to the parties' understanding of the meaning of the contract will certainly be crucial to Hecker's opposition of the dispositive motion. Further, the issue of whether McDaniels used commercially reasonable efforts to defend Hecker in this proceeding will be one of the critical questions in this litigation; a question that cannot be adequately addressed without McDaniels' sworn testimony.

Because McDaniels is the owner and operator of one of the primary defendant in this adversary proceeding, and because McDaniels' testimony is essential to this adversary proceeding, Hecker is entitled to take McDaniels' deposition. Hecker must be allowed to do so before the dispositive motion is heard.

II. **MCDANIELS HAS NOT EVEN COME CLOSE TO COMPLYING WITH HIS MEET AND CONFER OBLIGATIONS**

McDaniels' Motion for Protective Order should also be denied because of McDaniels' failure to meet and confer in good faith before bringing the Motion. When a

party files a Motion for Protective Order, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(a)(1). A court may deny a discovery motion when the movant has failed to meet and confer as required by the Rules. *In re Presto,* 358 B.R. 290 (Bankr. S.D. Tex. 2006). In *Presto,* the Court denied a motion to compel discovery when an attorney failed to confer in good faith to resolve the discovery dispute. In explaining the scope of the meet and confer obligation under the Rules, the Court in *Presto* opined "[o]ne must give opposing counsel the opportunity to express his/her view about the discovery responses; and then both counsel must 'compare views' and have a discussion in an attempt to resolve their differing views before coming to court." *Id.* at 293.

In this case, McDaniels and his attorney have utterly failed to meet and confer in good faith with counsel for Hecker or to make any attempt to resolve these issues prior to bringing this Motion. For months, McDaniels has avoided Hecker's attempts to take McDaniels' deposition. Then on a Friday, just six days before the deposition, McDaniels attorney demanded a continuance and threatened a Motion for Protective Order. During the weekend, Hecker's attorney attempted to negotiate in good faith, and McDaniels attorney continued with his hard line posturing. Then, on Monday morning, McDaniels filed the instant motion and scheduled it to be heard within two days. This is outrageous conduct that the Court should not condone. The motion should be denied because of McDaniels failure to meet and confer in good faith.

## III. EVEN IF THE MOTION FOR PROTECTIVE ORDER DID HAVE MERIT (WHICH IT DOES NOT) THERE WOULD BE NO BASIS FOR MONETARY SANCTIONS

Upon granting a discovery related protective order, a Court must not order monetary sanctions if any of the following circumstances are present:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5) (applied to the context of protective orders by Fed. R. Civ. P. 26(c)(3)).

For the reasons already explained, Hecker was justified in his attempt to take McDaniels' deposition and McDaniels filed the instant Motion without attempting in good faith to resolve the issue without court action. Therefore, McDaniels has no grounds on which to seek monetary sanctions.

## CONCLUSION

Hecker has a right to depose McDaniels because McDaniels is the owner and operator of a co-defendant and is a key witness in this adversary proceeding. Accordingly, McDaniels' Motion should be DENIED.

NEVE LAW, PLLC

*/e/ John R. Neve*
John R. Neve (#278300)
8500 Normandale Lake Boulevard, Suite 1080
Minneapolis, MN 55437
(952) 929-3232

Dated: May 26, 2010

ATTORNEY FOR DEBTOR AND
DEFENDANT DENNIS E. HECKER

| | |
|---|---|
| In re: Dennis E. Hecker, | Bky No. 09-50779 |
| Debtor.　　Chapter 7 | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | |
| Plaintiff, | Adv. No. 09-5045 |
| vs. | |
| Dennis E. Hecker, Midwest Motors, LLC, LKMCD Properties, LLC, Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation, Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, and Jacob Holdings of Akrom Avenue LLC, | |
| Defendants. | |

## UNSWORN DECLARATION FOR PROOF OF SERVICE

John R. Neve, Neve Law, PLLC, attorney licensed to practice law in this court, with office address of 8500 Normandale Lake Blvd, Suite 1080, Minneapolis, MN 55437, declares that on the date set forth below, he caused the following documents:

**Defendant and Debtor Dennis Hecker's Memorandum of Law in Opposition to Motion for Protective Order; Declaration of John R. Neve with attached Exhibits; and Proposed Order**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton           mburton@losgs.com, swood@losgs.com
- Stephen F Grinnell          stephen.grinnell@gpmlaw.com
- Andrew Paul Moratzka        apm@mcmlaw.com, jef@mcmlaw.com, ldj@mcmlaw.com
- Timothy J Peters            tpeters@peterslawplc.com, peters.timothy.james@gmail.com
- Will R. Tansey              wrtansey@ravichmeyer.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| Toyota Financial Savings Bank<br>912 Ft. Duquesne Blvd, Ste T<br>Pittsburgh, PA 15222 | Inver Grove Motors, LLC<br>D/B/A Denny Hecker's Inver Grove Toyota<br>500 Ford Road<br>Minneapolis, MN 55426 |
| Jacob Holdings Of Akron Ave LLC<br>500 Ford Road<br>Minneapolis, MN 55426 | Jacob Holdings Of Hwy 110 LLC<br>500 Ford Road<br>Minneapolis, MN 55426 |
| Midwest Motors, LLC<br>2873 Highway 61 North<br>Maplewood, MN 55109 | Randall L. Seaver – Trustee<br>12400 Portland Ave S, Ste 132<br>Burnsville, MN 55337 |

And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: May 26, 2010                    Signed:   /e/ John R. Neve