# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Dennis E. Hecker | Bky No. 09-50779 |
| Debtor, | Chapter 7 |

| | |
|---|---|
| Randall L. Seaver, Trustee | |
| Plaintiff, | **DEFENDANT AND DEBTOR DENNIS HECKER'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR AN ORDER CONTINUING TRIAL DATE** |
| vs. | |
| Dennis E. Hecker, et. al. | |
| Defendants | Adv. No. 09-5045 |

## INTRODUCTION

Trial in this matter was originally set for April 13, 2010. [DOCKET NO. 49.] On March 24, 2010, pursuant to the stipulation of the parties, it was continued for the first time to June 14, 2010. [DOCKET NO. 62.] On May 26, 2010, once again pursuant to the stipulation of the parties, it was continued for the second time to July 16, 2010. [DOCKET NO. 71.] Without any showing of good cause, the Trustee and certain defendants seek to continue the trial date for a third time. Their motion should be denied.

## ARGUMENT

### I. THE MOVANTS HAVE FAILED TO SHOW GOOD CAUSE TO POSTPONE THE TRIAL DATE

Rule 7016 of the Federal Rules of Bankruptcy Procedure provides that "Rule 16 F.R.Civ.P. applies in adversary proceedings." Rule 16 (b) (4) provides that: "A schedule

may be modified only for good cause and with the judge's consent." The District of Minnesota has eloquently explained that the good cause standard is not to be lightly disregarded:

> The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes-1983 Amendment; *see also*, *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 16 (D.Conn.1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party.
>
> In sum, Rule 16(b) assures that "[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' " *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). As unwieldy caseloads, and congested Court calendars, continue to plague the practical utility of Federal Court litigation, "[s]cheduling orders have become increasingly critical to the district court's case management responsibilities," and the capacity of such Orders to sensibly advance litigation to the point of Trial must be responsibly preserved. The accessibility of the Courts would have no particular societal benefit if the actions so filed were not able to be timely brought to Trial. This fundamental truth, clearly articulated in Rule 1, Federal Rules of Civil Procedure, underscores the focus of Rule 16(b) on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of lame excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend.

*Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 582 (D.Minn. 1999) (some citations omitted). The good cause standard is clearly important and guards the integrity of orders of the courts.

In this matter, however, the movants have failed completely to set forth good cause for postponing the trial date. Essentially, they offer two grounds for the

continuance: (1) they have filed motions for summary judgment; and (2) they will incur costs of preparation for trial that will be unnecessary if the motions are granted. These arguments cannot serve as a basis for good cause for at least three reasons. First, the Movants offer no explanation of their delay in filing the motions for summary judgment, other than their "lengthy and difficult negotiations." Lengthy and difficult settlement negotiations are the rule – not the exception – in civil litigation and cannot serve as good cause for a third continuance in this matter. Second, trial should not be delayed in any case based only on the filing of dispositive motions, but particularly in this matter where disputed facts will almost certainly preclude summary judgment. Third, the cost of preparing for trial is inherent in all litigation and cannot serve as a basis for continuance when the motion for continuance is only filed a few weeks before trial.

Simply put, the movants' motion is meritless and ignores the good cause standard in Rule 16. Consequently, the motion should be denied.

## II. CONTINUANCE OF THE TRIAL WILL PREJUDICE HECKER

As the Court is aware, Dennis E. Hecker is a defendant in *U.S. v. Hecker*, 10-cr-00032 (JNE/SRN). That case is set to go to trial on October 18, 2010. [DOCKET NO. 79.] Any further delay in this proceeding will interfere with Hecker's ability to prepare his defense in the criminal matter. As a result, a continuance will prejudice Hecker and the motion should be denied.

## CONCLUSION

Based upon the foregoing reasons, the motion for an order continuing the trial date should be denied.

NEVE LAW, PLLC

Dated: June 29, 2010

*/e/ John R. Neve*
John R. Neve (#278300)
8500 Normandale Lake Boulevard, Suite 1080
Minneapolis, MN 55437
(952) 929-3232

ATTORNEY FOR DEBTOR AND
DEFENDANT DENNIS E. HECKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: Dennis E. Hecker,                                    Bky No. 09-50779

    Debtor.    Chapter 7

---

Randall L. Seaver, Trustee,
                                                            Adv. No. 09-5045
    Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akrom Avenue LLC,

    Defendants.

---

UNSWORN DECLARATION FOR PROOF OF SERVICE

---

John R. Neve, Neve Law, PLLC, attorney licensed to practice law in this court, with office address of 8500 Normandale Lake Blvd, Suite 1080, Minneapolis, MN 55437, declares that on the date set forth below, he caused the following documents:

**Defendant and Debtor Dennis Hecker's Memorandum of Law in Opposition to Motion for an Order Continuing Trial Date; and Proposed Order**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton     mburton@losgs.com, swood@losgs.com
- Stephen F Grinnell     stephen.grinnell@gpmlaw.com
- Andrew Paul Moratzka     apm@mcmlaw.com, jef@mcmlaw.com, ldj@mcmlaw.com
- Timothy J Peters     tpeters@peterslawplc.com, peters.timothy.james@gmail.com
- Will R. Tansey     wrtansey@ravichmeyer.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| Toyota Financial Savings Bank<br>912 Ft. Duquesne Blvd, Ste T<br>Pittsburgh, PA 15222 | Inver Grove Motors, LLC<br>D/B/A Denny Hecker's Inver Grove Toyota<br>500 Ford Road<br>Minneapolis, MN 55426 |
| Jacob Holdings Of Akron Ave LLC<br>500 Ford Road<br>Minneapolis, MN 55426 | Jacob Holdings Of Hwy 110 LLC<br>500 Ford Road<br>Minneapolis, MN 55426 |
| Midwest Motors, LLC<br>2873 Highway 61 North<br>Maplewood, MN 55109 | Randall L. Seaver – Trustee<br>12400 Portland Ave S, Ste 132<br>Burnsville, MN 55337 |

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: June 29, 2010             Signed:   /e/ John R. Neve

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee | |
| Plaintiff, | **ORDER** |
| vs. | Adv. No. 09-5045 |
| Dennis E. Hecker, et al., | |
| Defendants. | |

This case is before the court on Plaintiff and Certain Defendants' Motion for Expedited Hearing and for an Order Continuing Trial Date.

Based on the motion and the file and the court being fully advised in the premises,

**IT IS ORDERED**:

1. The Plaintiff and Certain Defendants' Motion for Expedited Hearing and for an Order Continuing Trial Date is DENIED.

**BY THE COURT:**

Dated: _____  _____
Robert J. Kressel
U.S. Bankruptcy Judge