UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                              Case No.:  09-50779
                                                            Chapter 7
Dennis E. Hecker,

            Debtor.

Randall L. Seaver, Trustee,                         ADV Case No. 09-5045

            Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
Jacob Holdings of Akron Avenue LLC, and
Toyota Financial Savings Bank,

            Defendants.

## APPLICATION FOR DEFAULT JUDGMENT

TO:   INVER GROVE MOTORS LLC D/B/A DENNY HECKER'S INVER GROVE TOYOTA,
      JACOB HOLDINGS OF HIGHWAY 110 LLC AND JACOB HOLDINGS OF AKRON
      AVENUE LLC.

      1.      PLEASE TAKE NOTICE that Randall L. Seaver, Trustee and Plaintiff, applies to the

Court for the entry of a default judgment against Inver Grove Motors LLC d/b/a Denny Hecker's

Inver Grove Toyota ("IGM"), Jacob Holdings of Highway 110 LLC ("JH110"), and Jacob Holdings

of Akron Avenue LLC ("JHA").

2.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule of Bankruptcy Procedure 1070-1.  This is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  This case is now pending in this Court.

3.      This is an application for default judgment under Bankruptcy Rule 7055 and Local Rule of Bankruptcy Procedure 7055-1.

## BACKGROUND

4.      On or about April 16, 2009, Twin Cities Motors, LLC ("TCM") and IGM executed a purchase agreement and attendant documents for the sale of "Denny Hecker's Inver Grove Toyota." The sale included the dealership (IGM), as well as the land used by the dealership (owned by JH110 and JHA).

5.      Subsequent to the sale, Toyota Motor Sales, U.S.A., Inc. exercised its right of first refusal to replace the buyer, TCM, with a buyer of its own choice, Stephen J. McDaniels ("McDaniels").

6.      On June 4, 2009, before the anticipated sale of the dealership could close, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7.      Pursuant to a settlement among and between the Trustee and other interested parties, it was agreed that the sale could proceed with parties reserving their rights as to a "Personal Services Agreement" ("PSA") entered into between the buyer and the Debtor.

8.      Under the terms of the settlement, payments made under the PSA were to be held in trust by the Trustee.  On June 18, 2009, IGM consummated the sale transaction with Midwest

Motors, LLC ("Midwest Motors") – an entity owned and controlled by McDaniels and McDaniels' designee – as the buyer. A copy of the PSA is attached to the Complaint as Exhibit A.

9.      On June 17, 2009, the day before this Court's hearing on the settlement, state and federal authorities raided the Debtor's personal residences and business premises. Despite the adverse publicity that followed from the raids, Midwest Motors and McDaniels elected to proceed with their purchase of IGM and to enter into the PSA with the Debtor.

10.     The Debtor scheduled his interest in the PSA as an executory contract in Schedule G.

11.     The PSA would pay the Debtor the sum of $1 million dollars over the course of four years at the rate of $20,833.33 per month.

12.     As of the commencement of this action, the Trustee had collected four payments pursuant to the settlement and the PSA.

13.     By letter dated July 22, 2009, Midwest Motors provided written notice suspending the purported requirement that the Debtor provide services under the PSA. A copy of the July 22, 2009 letter is attached to the Complaint as Exhibit B.

## CLAIMS FOR RELIEF

14.     The Trustee asserts that the PSA is truly a diversion of the purchase price, or some form of diversion of assets to the Debtor, and that the PSA is not truly an agreement for the provision of personal services.

15.     Pursuant to the Amended Complaint in this Adversary Proceeding, the Trustee seeks, *inter alia*, a declaratory judgment that:

        (a)     The PSA was not an executory contract at the time of filing;

(b)     The PSA is truly a diversion of the purchase price from IGM, JH110 and JHA to the Debtor;

(c)     Debtor has no interest in the proceeds of the PSA; and,

(d)     The proceeds of the PSA are subject to the claims of the creditors of IGM, JH110 and JHA.

16.     Defendants IGM, JH110 and JHA were properly served with the Summons and Complaint and the Amended Summons and Amended Complaint in this Adversary Proceeding on October 5, 2009 and November 2, 2009, respectively.

17.     Despite their receipt of due and appropriate service of process, Defendants IGM, JH110 and JHA failed to answer or otherwise plead in response to the Amended Adversary Complaint within the 30-day period allotted under Federal Rule of Bankruptcy Procedure 7012(a), and these Defendants are now in default.

18.     In view of the defaults described above, the Trustee requests entry of default judgment against Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC.

19.     Defendants Chrysler Financial Services Americas, LLC, Toyota Motor Credit Corporation, Toyota Financial Savings Bank and others may claim an interest in the proceeds of the PSA. The Trustee therefore requests that the default judgment requested herein be without prejudice to the rights, claims or interests of the remaining Defendants.

**WHEREFORE**, Randall L. Seaver, Trustee and Plaintiff, requests that the Court enter judgment in his favor and against Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC, as follows:

1. For declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that:

      (a) The PSA was not an executory contract at the time of filing;

      (b) The PSA is truly a diversion of the purchase price from IGM, JH110 and JHA to the Debtor;

      (c) The Debtor has no interest in the proceeds of the PSA; and,

      (d) The proceeds of the PSA are subject to the claims of the creditors of IGM, JH110 and JHA.

2. Providing that the Default Order be without prejudice to the rights of the remaining Defendants; and,

3. For such other relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: July 9, 2010         By    /e/ James M. Jorissen
                                      Matthew R. Burton, #210018
                                      James M. Jorissen, #262833
                                      Attorneys for Plaintiff
                                      100 South Fifth Street, Suite 2500
                                      Minneapolis, MN 55402
                                      Phone: (612) 332-1030

## <u>VERIFICATION</u>

      The undersigned, Randall L. Seaver, Trustee and Plaintiff, under penalty of perjury, hereby states that he has read the foregoing Application for Default Judgment and states that the information contained herein is true and correct to the best of his information and belief.

/e/ Randall L. Seaver

Dated:  July 9, 2010                       _____

Randall L. Seaver

415085

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:                                    Case No.:  09-50779
                                                      Chapter 7
Dennis E. Hecker,

       Debtor.

---

Randall L. Seaver, Trustee,               ADV Case No. 09-5045

       Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
Jacob Holdings of Akron Avenue LLC, and
Toyota Financial Savings Bank,

       Defendants.

---

## AFFIDAVIT OF DEFAULT, IDENTIFICATION,
## MILITARY STATUS AND AMOUNT DUE

---

STATE OF MINNESOTA   )
                    ) ss.
COUNTY OF HENNEPIN   )

     Matthew R. Burton, being duly sworn on oath, deposes and says:

     1.     I am one of the attorneys for the Plaintiff in the above-captioned matter, and am authorized to provide legal services to the Plaintiff in this bankruptcy case.

     2.     No response, Answer, or communication of any kind has been received from Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC, or from any person or entity

purporting to act on behalf of such Defendants in this Adversary Proceeding.

3.     This adversary case was commenced on October 5, 2009 and the Amended Complaint was filed on November 2, 2009.

4.     The Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first class mail on October 5, 2009.  The Summons and Amended Complaint were duly served on Defendants by certified mail, return receipt requested, and/or by first class mail on November 2, 2009.

5.     Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC are not in the military service of the United States, on information and belief, and are not infants or incompetent persons, and said Defendants' last known addresses are:

> Inver Grove Motors LLC
>   d/b/a Denny Hecker's Inver Grove Toyota
> Attn:  Officer or Managing Agent
> 500 Ford Road
> Minneapolis, MN 55426
>
> Jacob Holdings of Highway 110 LLC
> Attn:  Officer or Managing Agent
> 500 Ford Road
> Minneapolis, MN 55426
>
> Jacob Holdings of Akron Avenue LLC
> Attn:  Officer or Managing Agent
> 500 Ford Road
> Minneapolis, MN 55426

6.     Affiant states that he has read the Amended Complaint filed in this action and knows the contents thereof, and that the same is true of his own knowledge and belief, based upon reliable hearsay, and that Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota,

Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC are now indebted to the Plaintiff in an amount equal to the proceeds of the PSA as set forth in the Amended Complaint.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated:  July 9, 2010

/e/  James M. Jorissen
_____
James M. Jorissen

415100

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                                                    Case No.:  09-50779
                                                                                       Chapter 7
Dennis E. Hecker,

                    Debtor.

_____

Randall L. Seaver, Trustee,                                        ADV Case No. 09-5045

                    Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
Jacob Holdings of Akron Avenue LLC, and
Toyota Financial Savings Bank,

                    Defendants.

_____

**AFFIDAVIT ON THE MERITS AND THE AMOUNT DUE**
_____

 STATE OF MINNESOTA    )
                                         ) ss.
COUNTY OF RAMSEY      )

        The Trustee, Randall L. Seaver ("**Trustee**"), being first duly sworn on oath, deposes and

states as follows:

        1.        I am the Plaintiff herein and the duly appointed Chapter 7 Trustee of the

Bankruptcy Estate of Dennis E. Hecker.

2.      The Bankruptcy Estate's costs in this matter are:

A.      Filing fee           -        $250.00
B.      Certified Mail -                 46.26
C.      Statutory fee        -          20.00
        (28 U.S.C. §1923)
TOTAL                        -        $316.26

3.      This bankruptcy case was commenced on June 4, 2009 by the filing of a Chapter 7 petition and the undersigned was appointed to administer the Estate.

4.      Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota ("**IGT**"), Jacob Holdings of Highway 110 LLC ("**JH110**") and Jacob Holdings of Akron Avenue LLC ("**JHA**") have not filed an answer, and so are deemed to have admitted the following paragraphs.

5.      Twin Cities Motors, LLC ("**TCM**") and IGT executed a purchase agreement and attendant documents on or about April 16, 2009, for the sale of "Denny Hecker's Inver Grove Toyota."  The sale included the dealership (IGT), as well as the land used by the dealership (owned by JH110 and JHA).

6.      Toyota Motor Sales, U.S.A., Inc. exercised its right of first refusal to replace the buyer, TCM, with a buyer of its own choice, Stephen J. McDaniels ("**McDaniels**").

7.      Before the anticipated sale of the dealership could close, Debtor filed for Chapter 7 bankruptcy on June 4, 2009.

8.      Pursuant to a settlement including the Trustee and interested parties, it was agreed that the sale could proceed with parties reserving their rights as to a "Personal Services Agreement" ("**PSA**") between the buyer and the Debtor, with the payments to be held by the Trustee, in trust.  A closing did occur on or about June 18, 2009 with MM, McDaniels' designee, as the buyer.   A copy of the PSA is attached to the Complaint as Exhibit A.

9.      The day before this Court's hearing on the settlement, June 17, 2009, state and federal authorities raided Debtor's personal residences and business premises.  MM and McDaniels agreed to proceed with their purchase of IGT, and the real estate, and to enter in to the PSA despite the adverse publicity of the raids.

10.     Debtor scheduled his interest in the PSA as an executory contract on his Schedule G.

11.     The PSA would pay the Debtor the sum of $1 million dollars over the course of four years at the rate of $20,833.33 per month.

12.     The Trustee, as of the commencement of this action, has collected four payments pursuant to the settlement and the PSA.

13.     MM, on or about July 22, 2009, suspended the purported requirement that the Debtor provide services to it.  A copy of said suspension is attached to the Complaint as Exhibit B.

14.     The Trustee asserts that the PSA is truly a diversion of the purchase price, or some form of diversion of assets, to the Debtor and not truly an agreement for the provision of personal services.

15.     Defendants Chrysler, Toyota, TFSB and others may claim an interest in the proceeds of the PSA.

16.     Debtor lacks an interest in the proceeds of the PSA.

17.     The PSA was not an executory contract as of the commencement of this case.

18.     The Trustee seeks declaratory relief under Minn. Stat. Ch. 555 and 11 U.S.C. §541 that:

(a)      The PSA was not an executory contract at the time of filing;

3

  (b)  The PSA is truly a diversion of the purchase price from IGM, JH110 and JHA to the Debtor;

  (c)  Debtor has no interest in the proceeds of the PSA; and,

  (d)  The proceeds of the PSA are subject to the claims of the creditors of IGM, JH110 and JHA.

19.  The Trustee realizes that the remaining Defendants have asserted, or will assert, alternative claims to the PSA proceeds. The Trustee requests that the entry of default judgment against Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC be without prejudice to the remaining Defendants.

20.  Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC have filed no answer, defense, or response of any kind to the Amended Adversary Complaint within the 30 day time period allowed by Rule of Bankruptcy Procedure 7012(a).

21.  The Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first class mail on October 5, 2009. The Summons and Amended Complaint were duly served on Defendants by certified mail, return receipt requested, and/or by first class mail on November 2, 2009.

22.  I request that the Court enter a default judgment against Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC for the following:

(a)     Providing that the Trustee is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 determining that:

      (i)     The PSA was not an executory contract at the time of filing;

      (ii)    The PSA is truly a diversion of the purchase price from IGM, JH110 and JHA to the Debtor;

      (iii)   Debtor has no interest in the proceeds of the PSA; and,

      (iv)    The proceeds of the PSA are subject to the claims of the creditors of IGM, JH110 and JHA.

(b)     Providing that the Default Order be without prejudice to the rights of the remaining Defendants; and

(c)     For such other relief as the Court deems just and equitable.

**FURTHER YOUR AFFIANT SAYETH NOT.**


          /e/ Randall L. Seaver

          _____

          Randall L. Seaver

415103

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                                    Case No.: 09-50779
                                                                    Chapter 7
Dennis E. Hecker,

              Debtor.

_____

Randall L. Seaver, Trustee,                        ADV Case No. 09-5045

              Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
Jacob Holdings of Akron Avenue LLC, and
Toyota Financial Savings Bank,

              Defendants.

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

_____

This matter came before the undersigned on plaintiff's application for entry of default

judgment against defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota,

Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC.

Based upon the application and all of the files and records in this matter, the court makes the

following:

**<u>FINDINGS OF FACT</u>**

1.      The plaintiff is the trustee in the debtor's case.

2.	This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3.	The Summons and Complaint were duly served on defendants by certified mail, return receipt requested, and by first class mail on October 5, 2009.  The Summons and Amended Complaint were duly served on defendants by certified mail, return receipt requested, and/or by first class mail on November 2, 2009.

4.	Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC have failed to answer and have not appeared.

5.	Twin Cities Motors, LLC and Inver Grove Motors executed a purchase agreement and attendant documents on or about April 16, 2009, for the sale of Denny Hecker's Inver Grove Toyota. The sale included the dealership owned by Inver Grover Toyota, as well as the land used by the dealership owned by Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC.

6.	Toyota Motor Sales, U.S.A., Inc. exercised its right of first refusal to replace the buyer, Twin Cities Motors, with a buyer of its own choice, Stephen J. McDaniels.

7.	Before the anticipated sale of the dealership could close, the debtor filed for Chapter 7 bankruptcy on June 4, 2009.

8.	Pursuant to a settlement including the trustee and interested parties, it was agreed that the sale could proceed with parties reserving their rights as to a Personal Services Agreement between the buyer and the debtor, with the payments to be held by the trustee, in trust.  A closing did occur on or about June 18, 2009 with Midwest Motors, McDaniels' designee, as the buyer.  A copy

of the Personal Services Agreement is attached to the complaint as Exhibit A.

9.      The day before this courts hearing on the settlement, June 17, 2009, state and federal authorities raided the debtor's personal residences and business premises.  Midwest Motors and McDaniels agreed to proceed with their purchase of Inver Grove Toyota, and the real estate, and to enter in to the Personal Services Agreement despite the adverse publicity of the raids.

10.     The debtor scheduled his interest in the Personal Services Agreement as an executory contract in his Schedule G.

11.     The Personal Services Agreement would pay the debtor the sum of $1 million dollars over the course of four years at the rate of $20,833.33 per month.

12.     The trustee, as of the commencement of this action, has collected four payments pursuant to the settlement and the Personal Services Agreement.

13.     Midwest Motors, on or about July 22, 2009, suspended the purported requirement that the debtor provide services to it.  A copy of said suspension is attached to the Complaint as Exhibit B.

14.     The trustee asserts that the Personal Services Agreement is truly a diversion of the purchase price, or some form of diversion of assets, to the debtor and not truly an agreement for the provision of personal services.

15.     Defendants Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation d/b/a Denny Hecker's Inver Grove Toyota, Toyota Financial Savings Bank and others may claim an interest in the proceeds of the Personal Services Agreement.

16.     Debtor lacks an interest in the proceeds of the Personal Services Agreement.

17.     The Personal Services Agreement was not an executory contract as of the commencement of this case.

18.     The trustee seeks declaratory relief under Minn. Stat. Ch. 555 and 11 U.S.C. §541 that:

      (a)     The Personal Services Agreement was not an executory contract at the time of filing;

      (b)     The Personal Services Agreement is truly a diversion of the purchase price from IGM, JH110 and JHA to the debtor;

      (c)     Debtor has no interest in the proceeds of the Personal Services Agreement; and,

      (d)     The proceeds of the Personal Services Agreement are subject to the claims of the creditors of Inver Grove Motors, JH110 and JHA;

19.     The trustee realizes that the remaining defendants have asserted, or will assert, alternative claims to the Personal Services Agreement proceeds.

## CONCLUSIONS OF LAW

1.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.  This case arises under 11 U.S.C. §§541, 544, 548, 550 and 551 and under Minn. Stat. §§ 513.44 and 513.45.

2.     Defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC are in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

## ORDER FOR JUDGMENT

It is hereby ordered**:** that the clerk shall enter an order and judgment in favor of the plaintiff, Randall L. Seaver, and against defendants Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC as follows:

1.       Awarding declaratory relief under Minn. Stat. Ch. 555 that:

       (a)       The Personal Services Agreement was not an executory contract at the time of filing;

       (b)       The Personal Services Agreement is truly a diversion of the purchase price from Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC to the Debtor;

       (c)       Debtor has no interest in the proceeds of the Personal Services Agreement; and,

       (d)       The proceeds of the Personal Services Agreement are subject to the claims of the creditors of Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC and Jacob Holdings of Akron Avenue LLC.

2.       This order is without prejudice to the rights of the remaining defendants.

Dated:

                     _____
                     United States Bankruptcy Judge

415105

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                 BKY No.:  09-50779

Dennis E. Hecker,                                                              Chapter 7

               Debtor.

---

Randall L. Seaver, Trustee,

                                           ADV Case No.:  09-5045

               Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
and Jacob Holdings of Akron Avenue LLC, and Toyota Financial
Savings Bank,

               Defendants.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I hereby certify that on July 9, 2010, I caused the following documents:

> ***Application for Default Judgment, Affidavit of Default, Identification, Military Status and Amount Due, Affidavit on the Merits and Amount Due, and Findings of Fact, Conclusions of Law and Order for Judgment (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

INVER GROVE MOTORS LLC
 D/B/A DENNY HECKER'S INVER GROVE TOYOTA
500 FORD ROAD
MINNEAPOLIS, MN 55426

JACOB HOLDINGS OF HIGHWAY 110 LLC
500 FORD ROAD
MINNEAPOLIS, MN 55426

JACOB HOLDINGS OF AKRON AVENUE LLC
500 FORD ROAD
MINNEAPOLIS, MN 55426


                                                     /e/  Stephanie Wood

Dated:  July 9, 2010        _____
                                        Stephanie Wood
                                        100 South Fifth Street, Suite 2500
                                        Minneapolis, MN  55402
                                        (612) 332-1030

424744

2