## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                    Bky No. 09-50779

Dennis E. Hecker,                                              Chapter 7

      Debtor.

---

Randall L. Seaver, Trustee,

                                              Adv. No. 09-5045

      Plaintiff,

vs.                                          **REPLY TO DEBTOR'S RESPONSE TO**
                                             **MOTION FOR SUMMARY JUDGMENT**

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

      Defendants.

---

## I.      INTRODUCTION

For cases involving contract construction, summary judgment is appropriate when the terms of the contract are unambiguous and the undisputed facts support the movant's position. Debtor's opposition memorandum ("Debtor's Response") lacks any allegation that the terms of the PSA are ambiguous. In fact, the Debtor's Response demands summary judgment in Debtor's favor based on the facts alleged by the moving parties. Therefore, Debtor fails to establish a genuine issue of material fact precluding summary judgment. Midwest Motors respectfully requests enforcement of the Settlement Agreement and dismissal of Debtor's cross-claim.

1

## II.    ANALYSIS

### A.  The Settlement Agreement Should Be Approved

The Debtor's Response asserts Midwest Motors, LLC ("Midwest Motors") failed to use commercially reasonable efforts to defend against the claims asserted in this case.  Debtor states "Midwest Motors has simply answered the Amended Complaint and sent out written discovery requests in this matter."[1]    Debtor then alleges there is an issue of fact concerning the reasonableness of Midwest Motors' efforts.  Debtor's arguments should be rejected for four reasons.

First, Debtor's allegation that Midwest Motors has only answered a complaint and sent out discovery is false.  Midwest Motors, through its attorneys, has taken the following actions since June 2009 to defend against the claims asserted by the Trustee and third-parties regarding the PSA's validity:

- Negotiated the right to continue asserting the PSA was valid via a stipulation approved by this Court;[2]

- On June 18, 2009, argued for approval of the negotiated stipulation;[3]

- On July 29, 2009, filed an answer defending the allegation by Debtor's Chapter 7 bankruptcy trustee (the "Trustee") that the PSA was a "friendly arrangement/concession;"[4]

- Appeared before this Court to support the July 29, 2009, filing;[5]

- On September 2, 2009, appeared before this court again to defend allegations that the PSA was a friendly arrangement;[6]

---

[1] *Debtor's Response*, pg. 11.
[2] Affidavit of Andrew P. Moratzka, June 28, 2009, ¶ 6 ("First Moratzka Aff., ¶ __").
[3] Affidavit of Andrew P. Moratzka, July 13, 2009, ¶ 3 ("Second Moratzka Aff., ¶ __").
[4] *Second Moratzka Aff.*, ¶ 4.
[5] *Second Moratzka Aff.*, ¶ 5.

- On September 16, 2009, attended another hearing regarding the PSA, during which this court requested the Trustee commence a declaratory judgment action to resolve the parties' various claims to the PSA;[7]

- On September 29, 2009, reviewed the Trustee's complaint in this adversary proceeding to begin work defending claims that the PSA was reallocated purchase price;[8]

- On October 28, 2009, negotiated with Debtor and Debtor's attorneys in an attempt to settle claims asserted in this adversary proceeding – continued settlement discussions with all parties, including Debtor, through April 2010;[9]

- On January 8, 2010, filed its answer and counterclaim to the Trustee's amended complaint and served discovery on the Trustee;[10]

- On January 22, 2010, served a subpoena duces tecum on Kaplan, Strangis & Kaplan, P.A.;[11]

- On January 22, 2010, served a subpoena duces tecum on Briggs & Morgan, P.A.;[12]

- On January 27, 2010, served a second set of discovery on the Trustee;[13]

- On February 5, 2010, answered Debtor's cross-claim for breach of contract;[14]

---

[6] *Second Moratzka Aff.*, ¶ 6.
[7] *Second Moratzka Aff.*, ¶ 7.
[8] *Second Moratzka Aff.*, ¶ 8.
[9] *Second Moratzka Aff.*, ¶ 9.
[10] *Second Moratzka Aff.*, ¶ 10.
[11] *Second Moratzka Aff.*, ¶ 11.
[12] *Second Moratzka Aff.*, ¶ 12.
[13] *Second Moratzka Aff.*, ¶ 13.
[14] *Second Moratzka Aff.*, ¶ 14.

- Reviewed responses to discovery, prepared responses to discovery, and negotiated terms of document production with counsel for Trustee and counsel subject to subpoenas;[15] and

- On May 28, 2010, defended the deposition of Stephen McDaniels, wherein Mr. McDaniels asserted that the PSA was a valid contract for personal services.[16]

Midwest Motors' year-long defense of the PSA's validity required Midwest Motors to expend well in excess of $50,000 in attorneys' fees.[17] Debtor's statement that Midwest Motors has merely answered a complaint and served discovery is therefore untrue.

Second, Debtor's argument that Midwest Motors has not used commercially reasonable efforts to defend claims regarding the PSA's validity renders paragraph 12(b) of the PSA meaningless. Based on the undisputed efforts to date detailed above, the only remaining avenues for Midwest Motors to continue its argument asserting the validity of the PSA are through finalizing discovery responses and preparing for trial. There is no provision in the PSA requiring Midwest Motors to defend the PSA's validity through trial. To the contrary, Debtor contemplated and consented to a specific provision governing settlement in paragraph 12(b) of the PSA. Midwest Motors' efforts to date are consistent with the PSA's requirements.

Third, Debtor misinterprets the cases cited in support of his argument. Debtor's cases all address reasonableness of a party's reliance, not reasonableness defined in a contract. In *Berg v. Xerxes-Southdale Office Bldg. Co.*, 290 N.W.2d 612 (Minn. 1980) the issue before the court was the reasonableness of a party's reliance on a pro forma operating statement in that party's

---

[15] *Second Moratzka Aff.*, ¶ 15.
[16] *Second Moratzka Aff.*, ¶ 16.
[17] *Second Moratzka Aff.*, ¶ 17. It should be noted that paragraph 12(a) of the PSA provides Midwest Motors the right to include attorneys' fees in excess of $50,000 in the amount it is entitled to offset against any future amounts due Debtor, in the event this Court determines Debtor is entitled to funds under the PSA. Here again, the parties contemplated a level of defense, after which costs would be borne by Debtor. To be clear, Midwest Motors adamantly opposes paying any amount in excess of the agreed upon figure in the Settlement Agreement.

investment decision. The Minnesota Supreme Court determined there was no evidence in the record regarding reliance. *Id*. at 616. ("Since there is no evidence on the record concerning the reasonableness of the partner's *reliance*, the court's ruling cannot be sustained.") (emphasis added). The equitable theory of estoppel was before the court in *Brenner v. Nordby*, 306 N.W.2d 126 (Minn. 1981). After noting that estoppel depends on the facts of each case, the court concluded there was insufficient evidence to support the lower court's determination regarding reliance. *Id*. at 127 ("Whether it was reasonable of plaintiff to *rely* on 'settlement negotiations' consisting of defendant's efforts to determine whether there was a basis for the claims is clearly a fact question."). Similarly, the issue before the court in *Norwest Bank Minnesota, N.A., v. Midwestern Mach. Co.*, 481 N.W.2d 875 (Minn. Ct. App. 1992) was whether promissory estoppel took an agreement outside the statute of frauds. Relying on the court's analysis in *Brenner*, the court concluded that the issue a party's reliance should be resolved by a jury. *Id*. at 880 ("The reasonableness of a party's *reliance* is a fact question for the jury and not generally amenable to summary judgment." (citing *Brenner*, 306 N.W.2d at 127)) (emphasis added). Furthermore, Debtor's argument is not completely accurate because there are cases resolving the issue of reliance through summary judgment. *See e.g., Faimon v. Winona State Univ.*, 540 N.W.2d 879 (Minn. Ct. App. 1996) (distinguishing *Norwest Bank* and stating "Whether or not the [reliance] factor is considered a fact question, we conclude that appellant has demonstrated th[e reliance] prong of the promissory estoppel doctrine for summary judgment purposes."). In any event, cases involving the reasonableness of a party's reliance on a promise or other document have no application to this case, which involves a fully negotiated contract specifically defining the term "commercially reasonable." Debtor's legal analysis should therefore be rejected.

Finally, Debtor's claim that there is an issue of fact regarding the reasonableness of Midwest Motors' efforts contradicts his own demand for summary judgment. It is unclear how the facts of this case are sufficiently undisputed to permit summary judgment in Debtor's favor while at the same time requiring clarification through trial. In any event, it bears emphasis that the Debtor's Response does not allege the terms of the PSA are ambiguous. In fact, Debtor concedes that the PSA defines commercial reasonableness to include defending claims for a period of greater than six months. This Court therefore has the ability to interpret the PSA in light of the undisputed facts set forth above and in the parties' initial moving papers. *Knudsen v. Transp. Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. Ct. App. 2003) ("Generally, construction of a written contract is a question of law for the district court and therefore summary judgment is particularly appropriate…[a]bsent ambiguity, the terms of a contract will be given their plan and ordinary meaning and will not be considered ambiguous solely because the parties dispute the proper interpretation of the terms." (citations omitted)). The undisputed facts support enforcement of the Settlement Agreement.

### B. Debtor Took Actions Adversely Impacting Midwest Motors' Business, Reputation, and Goodwill

The Debtor's Response contains two arguments opposing Midwest Motors' motion for summary judgment on Debtor's cross-claim for breach of contract. First, Debtor asserts he is not in default under the "plain language of Section 2(c)" of the PSA. Second, Debtor claims that there is an issue of fact whether the negative press surrounding Hecker negatively impacted Midwest Motors. Both arguments fail to demonstrate a need for trial on Debtor's cross-claim against Midwest Motors for breach of contract.

The plain language of the PSA gives Midwest Motors the right of termination in the event Debtor takes any action (without reference to when such action was taken) that adversely

impacts the business, reputation, or goodwill of Midwest Motors. Mr. McDaniels testified Debtor's actions and the business environment surrounding Debtor adversely impacted Midwest Motors' business, reputation, and goodwill. The following is an excerpt of the pertinent portion of Mr. McDaniels's testimony regarding this issue:

> Q. [Mr. Neve] Okay. And it's your testimony that you [suspended the need for Debtor's services] because the press was so bad between June 19th and July 22nd that this was necessitated? About Mr. –
> A. [Mr. McDaniels] Not just the press.
> Q. Okay. Clarify for me.
> A. The entire business environment surrounding Mr. Hecker and his business activities, as well as his bankruptcy issues, as well as his personal issues that we all were made painfully aware about. It wasn't just what was in the press. It was what was real. It was what was out there. It was the perception of the customers, especially the customers in the primary market area where I bought that store.
> Q. Do you mean the Inver Grove Heights Community?
> A. Yes.
> Q. At some point did you terminate the PSA with Mr. Hecker?
> A. September.
> …
> Q. Is it your testimony that it was the – it was the lawsuit by the trustee that was the straw that broke the camel's back, so to speak?
> …
> A. My testimony was that the – the continuing constant negativity surrounding Mr. Hecker, Mr. Hecker's entities, his personal and business life, and the criminal proceedings, as well as the fact that the trustee now was taking a legal stance against the personal Services Agreement being a Personal Services Agreement, was what prompted the cancellation.

Samples of the unceasing negative press regarding Debtor's personal and business lives were attached to Midwest Motor's motion.[18]

The Debtor's Response does not contain an affidavit from the Debtor attempting to refute the allegations in the press or Mr. McDaniels's sworn testimony. Instead, the Debtor baldly

---

[18] *See generally, First Moratzka Aff.*

asserts there is some factual issue precluding summary judgment. The Debtor's unsupported allegations are insufficient to overcome Midwest Motors' motion for summary judgment. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the nonmoving party cannot cast some metaphysical doubt on the moving party's assertion); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (requiring the nonmoving party to submit probative evidence supporting its case sufficient to require the fact-finder to resolve the parties' differing versions of the truth at trial). Debtor's arguments should therefore be rejected.

### III.   CONCLUSION

The joint motion for summary judgment and to enforce settlement agreement and Midwest Motors' motion for summary judgment identify the portions of the pleadings, depositions, discovery, and media coverage demonstrating the absence of a genuine issue of material fact. Debtor's Response does not establish a genuine issue of material fact. Instead Debtor seeks summary judgment in his favor. This matter is therefore properly before this Court on summary judgment grounds. Midwest Motors respectfully requests the following resolution: (i) enforcing the Settlement Agreement, and (ii) dismissing Debtor's cross-claim against Midwest Motors for breach of contract.

Dated: July 13, 2010                    MACKALL CROUNSE & MOORE, PLC


                                        Andrew P. Moratzka
                                        Andrew P. Moratzka (# 0322131)
                                        1400 AT&T Tower
                                        901 Marquette Avenue
                                        Minneapolis, Minnesota 55402
                                        (612) 305-1400

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

      Debtor.

Bky No. 09-50779

Chapter 7

---

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC,`Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

      Defendants.

Adv. No. 09-5045

**SECOND AFFIDAVIT OF ANDREW P. MORATZKA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND APPROVE SETTLEMENT**

---

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF HENNEPIN   )

     Andrew P. Moratzka, attorney for Defendant in this case, having been sworn on oath states as follows:

     1.      I am one of the attorneys for Midwest Motors, LLC ("Midwest Motors").

     2.      I have personal knowledge of the efforts taken on behalf of Midwest Motors to

defend against claims regarding the validity of the Personal Services Agreement ("PSA").

1

3.    On June 18, 2009, I appeared before this court to argue in favor of approving the negotiated stipulation between the Chapter 7 bankruptcy trustee (the "Trustee"), Midwest Motors, LKMCD Properties, LLC, the Debtor, and certain entities in which the Debtor was involved, which stipulation allowed all parties to reserve their rights with respect to any claims or allegations regarding the PSA.

4.    On July 29, 2009, I prepared and filed an answer defending the allegation by the Trustee that the PSA was a "friendly arrangement/concession" between Midwest Motors and the Debtor. A true and correct copy of that answer is available in this court's docket, Case No. 09-50779, Docket No. 89.

5.    Also on July 29, 2009, I appeared before this Court to support the arguments I raised on behalf of Midwest Motors in the July 29, 2009, filing.

6.    On September 2, 2009, I appeared before this court again representing Midwest Motors regarding allegations that the PSA was a friendly arrangement.

7.    On September 16, 2009, I attended another hearing regarding the PSA on behalf of Midwest Motors, during which this court requested the Trustee commence a declaratory judgment action to resolve the parties' various claims to the PSA.

8.    On September 29, 2009, I reviewed the Trustee's complaint in this adversary proceeding to begin work defending claims that the PSA was reallocated purchase price.

9.    On October 28, 2009, three attorneys from Mackall, Crounse & Moore, PLC (including myself), and Stephen McDaniels negotiated with Debtor and Debtor's attorneys in an attempt to settle claims asserted in this adversary proceeding. Settlement discussions with all parties, including Debtor, continued through April 2010.

10. On January 8, 2010, I filed Midwest Motors' answer and counterclaim to the Trustee's amended complaint and served discovery on the Trustee. A true and correct copy of that filing can be obtained from this court's docket, Case No. 09-50779, Adv No. 09-5045, Docket No. 46. A true and correct copy of the discovery is attached as Exhibit A to this affidavit.

11. On January 22, 2010, I served a subpoena duces tecum on Kaplan, Strangis & Kaplan, P.A., to obtain documents regarding the PSA and the history of its negotiation. A true and correct copy of this subpoena is attached as Exhibit B to this affidavit.

12. On January 22, 2010, served a subpoena duces tecum on Briggs & Morgan, P.A., to obtain documents regarding the PSA and the history of its negotiation. A true and correct copy of this subpoena is attached as Exhibit C to this affidavit.

13. On January 27, 2010, served a second set of discovery on the Trustee. A true and correct copy of this discovery is attached as Exhibit D to this affidavit.

14. On February 5, 2010, answered Debtor's cross-claim for breach of contract. A true and correct copy of that filing can be obtained from this court's docket, Case No. 09-50779, Adv No. 09-5045, Docket No. 60.

15. In the course of the discovery process, I reviewed responses to discovery, worked with a paralegal in our office to begin preparing responses to discovery, and negotiated terms of document production with counsel for Trustee and counsel subject to subpoenas.

16. On May 28, 2010, I defended the deposition of Stephen McDaniels, wherein Mr. McDaniels asserted that the PSA was a valid contract for personal services.

17. During the course of defending the claims regarding the PSA's validity, Mackall, Crounse & Moore, PLC, has billed Midwest Motors' well in excess of $50,000 for attorneys' fees. Midwest Motors has timely paid all invoices.

Dated: July 13, 2010

MACKALL CROUNSE & MOORE, PLC



Andrew P. Moratzka (# 0322131)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402
(612) 305-1400

Subscribed and sworn to before me this 13th day of July, 2010.

Notary Public

JINAH E. FINNES
NOTARY PUBLIC
MINNESOTA
My Commission E: pires Jan. 31, 201

1264774.1-APM

4

Law Offices
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414
www.mcmlaw.com



**MACKALL CROUNSE & MOORE** PLC

Andrew P. Moratzka
Attorney
(612) 305-1418
apm@mcmlaw.com

January 8, 2010

Matthew R. Burton
Leonard, O'Brien, Spencer, Gail & Sayre LTD
100 S 5th St, Ste 2500
Minneapolis, MN 55402

> **In Re:**     **Bankruptcy of Dennis E. Hecker**
> **Randall L. Seaver vs. Dennis E. Hecker, et al.**
> **Bky No. 09-50779**
> **Adv. No. 09-5045**

Dear Mr. Burton:

Please find enclosed and served upon you by U. S. Mail, the following regarding the above-referenced matter:

1.    First Set of interrogatories of Midwest Motors, LLC; and

2.    First Set of Document Requests of Midwest Motors, LLC.

Very truly yours,

MACKALL, CROUNSE & MOORE, PLC

Andrew P. Moratzka

Enclosures

cc:    Stephen McDaniels
      Stephen F. Grinnell, Esq.
      Timothy J. Peters, Esq.
      Gregory L. Taddonio, Esq.
      William R. Skolnick, Esq.

1147766.1-APM



EXHIBIT
**A**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Bky No. 09-50779

Chapter 7

Randall L. Seaver, Trustee,

Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akrom Avenue LLC,

Defendants.

Adv. No. 09-5045

**FIRST SET OF INTERROGATORIES OF
MIDWEST MOTORS, LLC**

---

TO:    Plaintiff Randall L. Seaver via his attorney, Matthew R. Burton, Leonard, O'Brien,
Spencer, Gale & Sayre LTD, 100 S 5th St, Ste 2500, Minneapolis, MN 55402.

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, Midwest Motors,

LLC requests that the above-named Plaintiff, to whom these Interrogatories are addressed,

respond to these Interrogatories under oath within 30 days of the date of service of these

requests.

1

# I. INSTRUCTIONS

These Interrogatories are of an ongoing nature, and should you acquire additional information responsive to these Interrogatories, the answer must be updated to provide the additional information.

If the answer to any of the Interrogatories is that you lack knowledge of the requested information, describe all efforts you have made to obtain the information necessary to answer the interrogatory.

If any Interrogatory cannot be answered in full, answer to the extent possible and specify reasons for your inability to answer completely.

If any information, whether or not written, is responsive to any of the following Interrogatories, and is withheld based on any claims of privilege, describe generally the substance or subject matter of the information, communication or document withheld, state the date of the communication or document, state the privilege being relied upon or claimed and the basis therefore, identify the person involved, and identify all person or entities who have had access to such correspondence, communication or document.

If you are aware of any documents otherwise responsive to these Interrogatories, which are no longer in your care, custody or subject to your control, identify for each such document the name and title of the author, the name and title of each addressee, the date of the document, the subject matter of the document, the last date on which the document was in your care, custody or subject to your control, the person or entity, if any, currently in control of the document, the reasons for your disposition or release of the document, and all persons who have knowledge of the circumstances surrounding its disposition.

## II. DEFINITIONS

1.  "MM" shall refer to defendant Midwest Motors, LLC.

2.  "Plaintiff" shall refer to plaintiff Randall L. Seaver.

3.  "Debtor" shall refer to defendant Dennis E. Hecker.

4.  "LKMCD" shall refer to defendant LKMCD Properties, LLC.

5.  "Chrysler" shall refer to defendant Chrysler Financial Services Americas LLC.

6.  "Toyota" shall refer to defendant Toyota Motor Credit Corporation.

7.  "IGT" shall refer to defendant Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota.

8.  "JH110" shall refer to defendant Jacob Holdings of Highway 110 LLC.

9.  "JHA" shall refer to Jacob Holdings of Akron Avenue LLC.

10. "Complaint" shall refer to Plaintiff's complaint dated November 2, 2009, and served November 2, 2009.

11. "Answer" shall refer to MM's answer to the Complaint dated December 3, 2009.

12. "Document" shall refer to any writing as defined in the Federal Rules of Evidence, Rule 1001, including, but not limited to, originals and non-identical duplicates, all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" also means all documents known, or available, upon a reasonable search, to you, your attorneys, accountants, agents, representatives, employees, subsidiary or affiliates, and includes, but is not limited to, the following materials:

a.  Any and all papers, documents, correspondence, letters, telegrams, wires, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and

3

hard drives), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means);

b. Other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, e-mails, text messages, instant messages, worksheets, abstracts, audit reports, compilations, opinions, proposals, legal opinions, inter-office and intra-office memorandums and formal or informal writings or tangible preservations of information.

13.     "Communications" shall mean and refer to, without limitation, any sort of written or oral communication including, but not limited to, correspondence, notes, memos, telephone calls, conversations, notes of conversations, interviews, facsimiles, e-mails, text messages, and instant messages.

14.     "Correspondence" means all letters, transmittals, memoranda, notes, reports, e-mails or other written or graphic communication, including but not limited to, all external and internal Communications.

15.     "Person" means a natural person, corporation, partnership, government (or agency thereof), quasi-public entity, proprietorship, joint venture, trust or estate, and any other form of legal entity.

4

16.     The singular form of a word – *e.g.*, "document" or "person" – shall also refer to the plural, words used in the masculine, feminine or neuter gender refer to and include all genders, and the disjunctive includes the conjunctive and vice-versa.

17.     A document that "relates to" any given fact, matter or event means any document that, in whole or in part, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that fact, matter or event, including without limitation, documents concerning the preparation of other documents.

18.     "You" and "your" shall mean the party to whom these Interrogatories are directed, its divisions, subsidiaries, affiliates, directors, officers, agents, representative, employees, and all others acting or purporting to act on your behalf.

19.     "Identify," when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his action in connection with the matters alleged in this action.

20.     "Identify," when used with regard to Documents or Correspondence, means to give the type of Document or Correspondence (for example, letter, memorandum, telegram, chart, report), date originated and/or identifying symbol to identify the author, addressee, and each recipient of such Document or writing.

21.     "Identify," when used with regard to Communications, means to give the type of Communication (written or oral), the date on which the Communication occurred, any Document produced as a result of the Communication, and all participants to the Communication.

22.     The request for identification of information includes any information within the files of attorneys, accountants, and other agents.

## III. INTERROGATORIES

**Interrogatory No. 1**:  Identify all persons providing information used in answering these Interrogatories and, as to each person so identified, state the number of the Interrogatory or part thereof for which he or she provided information.

**Interrogatory No. 2**:  Identify and state the relationship to any party herein, of each and every individual whom you will or may call to testify at trial in this matter, and include, in detail, the substance of the testimony of each witness.

**Interrogatory No. 3**:  Identify and state the relationship to any party herein, of each and every individual who has information and knowledge about the subject matter of this case and for each such person set forth with specificity the facts known by them.

**Interrogatory No. 4**:  Identify all persons you expect to call as expert witnesses to testify at trial, including the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert witnesses are expected to testify, a summary of the grounds for each opinion which you expect such expert to give, and a description of each and every Document, item, photograph or other object supplied or made available to such expert witness in arriving at his or her opinion.

**Interrogatory No. 5**:  State with specificity and detail all facts and evidence which you claim supports your allegations in paragraph 20 of the Complaint.

**Interrogatory No. 6**:  State with specificity and detail all facts and evidence which you claim supports your allegations in paragraph 22 of the Complaint.

**Interrogatory No. 7**:  Identify the source of all funds Debtor used to purchase the Harley Davidson and Dock System, as conditionally approved by the Bankruptcy Court in an order dated October 7, 2009.

**Interrogatory No. 8**: State with specificity and detail all facts and evidence which you claim supports your right to retain the $83,333.32 you currently hold in trust paid to you pursuant to the stipulation executed by you on or about June 18, 2009.

**Interrogatory No. 9**: Identify and produce all Documents in your possession which support, refute, or in any other way reference, your answers to Interrogatories No. 1 through 8, above.

Dated: <u>January 8, 2010</u>

MACKALL, CROUNSE & MOORE, PLC

By
Andrew P. Moratzka (#322031)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANT MIDWEST MOTORS, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker,

      Debtor.

Bky No. 09-50779

Chapter 7

---

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akrom Avenue LLC,

      Defendants.

Adv. No. 09-5045

**FIRST SET OF DOCUMENT REQUESTS OF
MIDWEST MOTORS, LLC**

---

TO:   Plaintiff Randall L. Seaver via his attorney, Matthew R. Burton, Leonard, O'Brien, Spencer, Gale & Sayre LTD, 100 S 5th St, Ste 2500, Minneapolis, MN 55402.

      Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure, Midwest Motors,

LLC by its undersigned counsel, hereby requests, written responses and production for

inspection and copying by Mackall, Crounse & Moore, PLC, or someone acting on their behalf,

the documents described herein.  Such production shall take place at the offices of Mackall,

Crounse & Moore, PLC, 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, Minnesota

55402, within 30 days of the date hereof, or at some other mutually agreed upon time and

location in accordance with the provisions of Rule 7034, the definitions set forth above, and the instructions set forth below.

## I. INSTRUCTIONS

Pursuant to Rule 7034 of the Federal rules of Bankruptcy Procedure, you are required to separately respond to each numbered item requested. Documents should be identified in accordance with each request to which they are responsive. If a document has been removed from a file folder, file drawer, file box, or notebook, before the same is produced, you are requested to attach thereto a copy of the label and file folder, file drawer, file box, or notebook from which the document was removed.

If you are aware of any documents otherwise responsive to this Request, which are no longer in your care, custody or subject to your control, identify for each such document the name and title of the author, the name and title of each addressee, the date of the document, the subject matter of the document, the last date on which the document was in your care, custody or subject to your control, the person or entity, if any, currently in control of the document, the reasons for your disposition or release of the document, and all persons who have knowledge of the circumstances surrounding its disposition.

You must supplement your response to this request if documents responsive to it are subsequently obtained or discovered by you. Objection will be made to the introduction at trial or in other proceedings of any documents not properly produced pursuant to this request.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

In the event that any document responsive to any request is withheld pursuant to a claim of privilege or work product immunity, each withheld document should be fully identified in writing at the time that the documents are produced, except that the substance thereof need not

2

be described to the extent that it is claimed to be privileged. To "identify" a withheld document means to provide a description of the document sufficient to identify that document for purposes of a subpoena duces tecum and further state with respect to each such document:

    a.    The date of the document;

    b.    The name and title of the author;

    c.    The name and title of each person to whom the document was addressed;

    d.    The name and title of each person to whom a copy of the document was sent;

    e.    The number of pages in the document;

    f.    The title of the document, if any;

    g.    A brief description of the nature and general subject matter of the document;

    h.    The exact location of the original and each copy of the document as of the date of this Request, together with the name and address of the current custodian of said original and copies; and

    i.    The nature of the claim of privilege or immunity being asserted (e.g., attorney-client, attorneys' work product, etc.).

## II. DEFINITIONS

1.    "MM" shall refer to defendant Midwest Motors, LLC.

2.    "Plaintiff" shall refer to plaintiff Randall L. Seaver.

3.    "Debtor" shall refer to defendant Dennis E. Hecker.

4.    "LKMCD" shall refer to defendant LKMCD Properties, LLC.

5.    "Chrysler" shall refer to defendant Chrysler Financial Services Americas LLC.

6.    "Toyota" shall refer to defendant Toyota Motor Credit Corporation.

7.    "IGT" shall refer to defendant Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota.

8.    "JH110" shall refer to defendant Jacob Holdings of Highway 110 LLC.

9. "JHA" shall refer to Jacob Holdings of Akron Avenue LLC.

10. "Complaint" shall refer to Plaintiff's Amended Complaint dated November 2, 2009, and served November 2, 2009.

11. "Answer" shall refer to MM's answer to the Complaint dated December 3, 2009.

12. "Document" shall refer to any writing as defined in the Federal Rules of Evidence, Rule 1001, including, but not limited to, originals and non-identical duplicates, all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" also means all documents known, or available, upon a reasonable search, to you, your attorneys, accountants, agents, representatives, employees, subsidiary or affiliates, and includes, but is not limited to, the following materials:

    a. Any and all papers, documents, correspondence, letters, telegrams, wires, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means);

    b. Other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, e-mails, text messages, instant messages, worksheets, abstracts, audit reports, compilations, opinions, proposals, legal opinions, inter-office and intra-

office memorandums and formal or informal writings or tangible preservations of information.

13. "Communications" shall mean and refer to, without limitation, any sort of written or oral communication including, but not limited to, correspondence, notes, memos, telephone calls, conversations, notes of conversations, interviews, facsimiles, e-mails, text messages, and instant messages.

14. "Correspondence" means all letters, transmittals, memoranda, notes, reports, e-mails or other written or graphic communication, including but not limited to, all external and internal Communications.

15. "Person" means a natural person, corporation, partnership, government (or agency thereof), quasi-public entity, proprietorship, joint venture, trust or estate, and any other form of legal entity.

16. The singular form of a word – *e.g.*, "document" or "person" – shall also refer to the plural, words used in the masculine, feminine or neuter gender refer to and include all genders, and the disjunctive includes the conjunctive and vice-versa.

17. A document that "relates to" any given fact, matter or event means any document that, in whole or in part, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that fact, matter or event, including without limitation, documents concerning the preparation of other documents.

18. "You" and "your" shall mean the party to whom these Interrogatories are directed, its divisions, subsidiaries, affiliates, directors, officers, agents, representative, employees, and all others acting or purporting to act on your behalf.

19.    "Identify," when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his action in connection with the matters alleged in this action.

20.    "Identify," when used with regard to Documents or Correspondence, means to give the type of Document or Correspondence (for example, letter, memorandum, telegram, chart, report), date originated and/or identifying symbol to identify the author, addressee, and each recipient of such Document or writing.

21.    "Identify," when used with regard to Communications, means to give the type of Communication (written or oral), the date on which the Communication occurred, any Document produced as a result of the Communication, and all participants to the Communication.

22.    The request for identification of information includes any information within the files of attorneys, accountants, and other agents.

## III.  REQUEST FOR PRODUCTION OF DOCUMENTS

**Document Request No. 1:** Identify and produce all documents, communications, and correspondence relating to your answers to MM's First Set of Interrogatories.

**Document Request No. 2**: Identify and produce all documents given or shown to any expert consulted or retained by you.

**Document Request No. 3**: Identify and produce all documents, communications, and correspondence supporting your allegations in paragraph 20 of the Complaint.

**Document Request No. 4**: Identify and produce all documents, communications, and correspondence supporting your allegations in paragraph 22 of the Complaint.

**Document Request No. 5**: Identify and produce all documents, communications, and correspondence you intend to introduce at any deposition, proceeding, or trial in this litigation.

**Document Request No. 6**: Identify and produce all documents, communications, and correspondence related to this litigation that were authored or received from any expert consulted or retained by you.

**Document Request No. 7**: Identify and produce all documents detailing the source of funds Debtor used to purchase the Harley Davidson and Dock System, as conditionally approved by the Bankruptcy Court in an order dated October 7, 2009.

**Document Request No. 8**: Identify and produce all documents, communications, and correspondence in your possession relating to any other dispute you have with Debtor concerning a personal services agreement.

**Document Request No. 9**: Identify and produce copies of all other Personal Services Agreements in your possession to which Debtor is a party, in all other transactions including, but not limited to, the sale of Inver Grove Volkswagen and Brainerd/Baxter Toyota, Inver Grove Hyundai, and St. Cloud Hyundai.

Dated: <u>January 8, 2010</u>　　　　　　　MACKALL, CROUNSE & MOORE, PLC


By _____
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANT MIDWEST
MOTORS, LLC

1119866.2-APM

STATE OF MINNESOTA    )
                      )SS
COUNTY OF HENNEPIN    )

Re:    **Randall L. Seaver vs. Dennis E. Hecker, et al.**
       **Bky No. 09-50779**
       **Adv. No. 09-05045**

JINAH E. FINNES, being first duly sworn upon oath, states that on the 8th day of January, 2010, she served **Midwest Motors, LLC's First Set of Interrogatories and First Set of Documents Requests** on:

Matthew R. Burton
Leonard, O'Brien, Spencer, Gail & Sayre LTD
100 S 5th St, Ste 2500
Minneapolis, MN 55402

by mailing to them a copy thereof, enclosed in an envelope, postage prepaid, and by depositing same in the post office at Minneapolis, Minnesota, directed to said attorney(s) at the last known address of said attorney(s).

_Jinah E. Finnes_
Jinah E. Finnes

Subscribed and sworn to before me
this 8th day of January, 2010.

_____
NOTARY PUBLIC

JANE McCLAIN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

1147781.1-JEF



Law Offices
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414
www.mcmlaw.com

Andrew P. Moratzka
Attorney at Law
(612) 305-1418
apm@mcmlaw.com

January 22, 2010

**VIA MESSENGER**
Kaplan, Strangis & Kaplan, P.A.
Attn: Bruce J. Parker, Esq.
5500 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

> In re: **Dennis E. Hecker**
> **Randall L. Seaver vs. Dennis E. Hecker, et al.**
> **Bky No. 09-50779**
> **Adv. No. 09-5045**

Dear Mr. Parker:

Please find enclosed and served upon you by messenger a Subpoena for the above referenced matter.

If you have any questions, please feel free to contact me.

Very truly yours,

MACKALL, CROUNSE & MOORE, PLC

Andrew P. Moratzka

cc:     William J. O'Brien
        Stephen McDaniels

1152786.1-APM

**EXHIBIT**
**B**

# UNITED STATES BANKRUPTCY COURT

District of Minnesota

In re Dennis E. Hecker,
              Debtor

Randall L. Seaver,
              Plaintiff

**v.**

Dennis E. Hecker, et al.,
              Defendant

To: Kaplan, Strangis & Kaplan, P.A.
Attn: Bruce J. Parker
90 S 7th St, #5500
Minneapolis, MN 55402

## SUBPOENA IN
## AN ADVERSARY PROCEEDING

Case No. * 09-50779

Chapter   7

Adv. Proc. No. * 09-5045

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      See Exhibit A

| PLACE Mackall, Crounse & Moore<br>901 Marquette Ave, #1400<br>Minneapolis, MN 55402 | DATE AND TIME<br>February 5, 2010 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   January 22, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Andrew P. Moratzka, 901 Marquette Ave, #1400, Mpls, MN 55402, 612-305-1418

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

TO THE SUBPOENA FOR PRODUCTION AND COPYING OF DOCUMENTS,
ELECTRONIC DATA, BOOKS AND OTHER TANGIBLE THINGS IN THE
POSSESSION, CUSTODY OR CONTROL OF
*KAPLAN, STRANGIS & KAPLAN, P.A.*

Midwest Motors, LLC, believes that you are in the possession, custody and control of documents and other tangible things, including recordings, disks, tapes and other electronic data, from which evidence can be obtained, which is relevant to the civil action pursuant to which this Subpoena has been issued. *All document destruction or retention policies and practices and electronic file deletion or disk management practices, policies or protocols (including but not limited to reformatting or defragmenting practices) which could have the effect of altering or destroying information requested by this subpoena should be suspended until you are excused from this Subpoena.*

## DEFINITIONS

As used herein, the following terms shall be defined as follows:

"Document" shall refer to any writing as defined in the Federal Rules of Evidence, Rule 1001, including, but not limited to, originals and non-identical duplicates, all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" also means all documents known, or available, upon a reasonable search, to you, your attorneys, accountants, agents, representatives, employees, subsidiary or affiliates, and includes, but is not limited to, the following materials:

      a.   Any and all papers, documents, correspondence, letters, telegrams, wires, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means);

b.  Other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, e-mails, text messages, instant messages, worksheets, abstracts, audit reports, compilations, opinions, proposals, legal opinions, inter-office and intra-office memorandums and formal or informal writings or tangible preservations of information.

"Personal Services Agreement" shall mean that Personal Services Agreement between Twin Cities Automotive, LLC, and Dennis E. Hecker, executed by Peter Hasselquist and Dennis E. Hecker.

## DOCUMENTS TO BE PRODUCED

1.  All documents related to the creation of the Personal Services Agreement, including but not limited to all drafts of the Personal Services Agreement.

2.  All documents related to the negotiation of the Personal Services Agreement, including but not limited to negotiations of paragraph 2 of the Personal Services Agreement, entitled "Term."

3.  All correspondence related to the Personal Services Agreement.

4.  All research related to the Personal Services Agreement.

5.  All documents related to the Personal Services Agreement not produced pursuant to paragraphs 1 through 4 above.

Law Offices
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414
www.mcmlaw.com



**MACKALL CROUNSE & MOORE** PLC

January 22, 2010

**VIA MESSENGER**
Briggs & Morgan, P.A.
Attn: Brian D. Wenger
800 S 8th St, #2200
Minneapolis, MN 55402

      In re: **Dennis E. Hecker**
             **Randall L. Seaver vs. Dennis E. Hecker, et al.**
             **Bky No. 09-50779**
             **Adv. No. 09-5045**

Dear Mr. Wenger:

      Please find enclosed and served upon you by messenger a Subpoena for the above referenced matter.

      If you have any questions, please feel free to contact me.

                        Very truly yours,

                        MACKALL, CROUNSE & MOORE, PLC

                        Andrew P. Moratzka

cc:    William J. O'Brien
       Stephen McDaniels

1152794.1-APM

**EXHIBIT**

**C**

# UNITED STATES BANKRUPTCY COURT

District of Minnesota

In re Dennis E. Hecker,
                    Debtor

Randall L. Seaver,
                    Plaintiff

v.

Dennis E. Hecker, et al.,
                    Defendant

To: Briggs & Morgan, P.A.
    Attn: Brian D. Wenger
    800 S 8th St, #2200
    Minneapolis, MN 55402

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. * 09-50779

Chapter 7

Adv. Proc. No. * 09-5045

☐ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE Mackall, Crounse & Moore<br>901 Marquette Ave, #1400<br>Minneapolis, MN 55402 | DATE AND TIME<br>February 5, 2010 at 10:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  January 22, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Andrew P. Moratzka, 901 Marquette Ave, #1400, Mpls, MN 55402, 612-305-1418

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### TO THE SUBPOENA FOR PRODUCTION AND COPYING OF DOCUMENTS, ELECTRONIC DATA, BOOKS AND OTHER TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF
### *BRIGGS & MORGAN, P.A.*

Midwest Motors, LLC, believes that you are in the possession, custody and control of documents and other tangible things, including recordings, disks, tapes and other electronic data, from which evidence can be obtained, which is relevant to the civil action pursuant to which this Subpoena has been issued. *All document destruction or retention policies and practices and electronic file deletion or disk management practices, policies or protocols (including but not limited to reformatting or defragmenting practices) which could have the effect of altering or destroying information requested by this subpoena should be suspended until you are excused from this Subpoena.*

### DEFINITIONS

As used herein, the following terms shall be defined as follows:

"Document" shall refer to any writing as defined in the Federal Rules of Evidence, Rule 1001, including, but not limited to, originals and non-identical duplicates, all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" also means all documents known, or available, upon a reasonable search, to you, your attorneys, accountants, agents, representatives, employees, subsidiary or affiliates, and includes, but is not limited to, the following materials:

a. Any and all papers, documents, correspondence, letters, telegrams, wires, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means);

b. Other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, e-mails, text messages, instant messages, worksheets, abstracts, audit reports, compilations, opinions, proposals, legal opinions, inter-office and intra-office memorandums and formal or informal writings or tangible preservations of information.

"Personal Services Agreement" shall mean that Personal Services Agreement between Twin Cities Automotive, LLC, and Dennis E. Hecker, executed by Peter Hasselquist and Dennis E. Hecker.

## DOCUMENTS TO BE PRODUCED

1. All documents related to the creation of the Personal Services Agreement, including but not limited to all drafts of the Personal Services Agreement.

2. All documents related to the negotiation of the Personal Services Agreement, including but not limited to negotiations of paragraph 2 of the Personal Services Agreement, entitled "Term."

3. All correspondence related to the Personal Services Agreement.

4. All research related to the Personal Services Agreement.

5. All documents related to the Personal Services Agreement not produced pursuant to paragraphs 1 through 4 above.

**Law Offices**
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414
www.mcmlaw.com



**Andrew P. Moratzka**
Attorney
(612) 305-1418
apm@mcmlaw.com

January 27, 2010

Matthew R. Burton
Leonard, O'Brien, Spencer, Gail & Sayre LTD
100 S 5th St, Ste 2500
Minneapolis, MN 55402

> **In Re:** **Bankruptcy of Dennis E. Hecker**
> **Randall L. Seaver vs. Dennis E. Hecker, et al.**
> **Bky No. 09-50779**
> **Adv. No. 09-5045**

Dear Mr. Burton:

Please find enclosed and served upon you by U. S. Mail, the 2nd Set of Document Requests of Midwest Motors, LLC, regarding the above-referenced matter:

Very truly yours,

MACKALL, CROUNSE & MOORE, PLC

Andrew P. Moratzka

Enclosures

cc: Stephen McDaniels
Stephen F. Grinnell, Esq.
Timothy J. Peters, Esq.
Gregory L. Taddonio, Esq.
William R. Skolnick, Esq.

1153905.1-APM



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | |
| | Adv. No. 09-5045 |
| Plaintiff, | |
| vs. | **2ND SET OF DOCUMENT REQUESTS OF MIDWEST MOTORS, LLC** |
| Dennis E. Hecker, Midwest Motors, LLC, LKMCD Properties, LLC, Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation, Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, And Jacob Holdings of Akrom Avenue LLC, | |
| Defendants. | |

TO:  Plaintiff Randall L. Seaver via his attorney, Matthew R. Burton, Leonard, O'Brien, Spencer, Gale & Sayre LTD, 100 S 5th St, Ste 2500, Minneapolis, MN 55402.

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure, Midwest Motors, LLC by its undersigned counsel, hereby requests, written responses and production for inspection and copying by Mackall, Crounse & Moore, PLC, or someone acting on their behalf, the documents described herein.   Such production shall take place at the offices of Mackall, Crounse & Moore, PLC, 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, Minnesota 55402, within 30 days of the date hereof, or at some other mutually agreed upon time and

location in accordance with the provisions of Rule 7034, the definitions set forth above, and the instructions set forth below.

## I. INSTRUCTIONS

Pursuant to Rule 7034 of the Federal rules of Bankruptcy Procedure, you are required to separately respond to each numbered item requested. Documents should be identified in accordance with each request to which they are responsive. If a document has been removed from a file folder, file drawer, file box, or notebook, before the same is produced, you are requested to attach thereto a copy of the label and file folder, file drawer, file box, or notebook from which the document was removed.

If you are aware of any documents otherwise responsive to this Request, which are no longer in your care, custody or subject to your control, identify for each such document the name and title of the author, the name and title of each addressee, the date of the document, the subject matter of the document, the last date on which the document was in your care, custody or subject to your control, the person or entity, if any, currently in control of the document, the reasons for your disposition or release of the document, and all persons who have knowledge of the circumstances surrounding its disposition.

You must supplement your response to this request if documents responsive to it are subsequently obtained or discovered by you. Objection will be made to the introduction at trial or in other proceedings of any documents not properly produced pursuant to this request.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

In the event that any document responsive to any request is withheld pursuant to a claim of privilege or work product immunity, each withheld document should be fully identified in writing at the time that the documents are produced, except that the substance thereof need not

2

be described to the extent that it is claimed to be privileged. To "identify" a withheld document means to provide a description of the document sufficient to identify that document for purposes of a subpoena duces tecum and further state with respect to each such document:

 a. The date of the document;

 b. The name and title of the author;

 c. The name and title of each person to whom the document was addressed;

 d. The name and title of each person to whom a copy of the document was sent;

 e. The number of pages in the document;

 f. The title of the document, if any;

 g. A brief description of the nature and general subject matter of the document;

 h. The exact location of the original and each copy of the document as of the date of this Request, together with the name and address of the current custodian of said original and copies; and

 i. The nature of the claim of privilege or immunity being asserted (e.g., attorney-client, attorneys' work product, etc.).

## II. DEFINITIONS

1. "MM" shall refer to defendant Midwest Motors, LLC.

2. "Plaintiff" shall refer to plaintiff Randall L. Seaver.

3. "Debtor" shall refer to defendant Dennis E. Hecker.

4. "LKMCD" shall refer to defendant LKMCD Properties, LLC.

5. "Chrysler" shall refer to defendant Chrysler Financial Services Americas LLC.

6. "Toyota" shall refer to defendant Toyota Motor Credit Corporation.

7. "IGT" shall refer to defendant Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota.

8. "JH110" shall refer to defendant Jacob Holdings of Highway 110 LLC.

9. "JHA" shall refer to Jacob Holdings of Akron Avenue LLC.

10. "Complaint" shall refer to Plaintiff's Amended Complaint dated November 2, 2009, and served November 2, 2009.

11. "Answer" shall refer to MM's answer to the Complaint dated December 3, 2009.

12. "Document" shall refer to any writing as defined in the Federal Rules of Evidence, Rule 1001, including, but not limited to, originals and non-identical duplicates, all drafts prepared in connection with such documents, whether or not used, and any other documents or tangible things as defined in Rule 7034 of the Federal Rules of Bankruptcy Procedure. The term "Document" also means all documents known, or available, upon a reasonable search, to you, your attorneys, accountants, agents, representatives, employees, subsidiary or affiliates, and includes, but is not limited to, the following materials:

  a. Any and all papers, documents, correspondence, letters, telegrams, wires, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), back-up tapes, data otherwise electronically stored (including archival and back-up copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means);

  b. Other data, photographs, videos, surveys, drawings, films, schematics, other computer-generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, e-mails, text messages, instant messages, worksheets, abstracts, audit reports, compilations, opinions, proposals, legal opinions, inter-office and intra-

office memorandums and formal or informal writings or tangible preservations of information.

13. "Communications" shall mean and refer to, without limitation, any sort of written or oral communication including, but not limited to, correspondence, notes, memos, telephone calls, conversations, notes of conversations, interviews, facsimiles, e-mails, text messages, and instant messages.

14. "Correspondence" means all letters, transmittals, memoranda, notes, reports, e-mails or other written or graphic communication, including but not limited to, all external and internal Communications.

15. "Person" means a natural person, corporation, partnership, government (or agency thereof), quasi-public entity, proprietorship, joint venture, trust or estate, and any other form of legal entity.

16. The singular form of a word – *e.g.*, "document" or "person" – shall also refer to the plural, words used in the masculine, feminine or neuter gender refer to and include all genders, and the disjunctive includes the conjunctive and vice-versa.

17. A document that "relates to" any given fact, matter or event means any document that, in whole or in part, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that fact, matter or event, including without limitation, documents concerning the preparation of other documents.

18. "You" and "your" shall mean the party to whom these Interrogatories are directed, its divisions, subsidiaries, affiliates, directors, officers, agents, representative, employees, and all others acting or purporting to act on your behalf.

19.     "Identify," when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his action in connection with the matters alleged in this action.

20.     "Identify," when used with regard to Documents or Correspondence, means to give the type of Document or Correspondence (for example, letter, memorandum, telegram, chart, report), date originated and/or identifying symbol to identify the author, addressee, and each recipient of such Document or writing.

21.     "Identify," when used with regard to Communications, means to give the type of Communication (written or oral), the date on which the Communication occurred, any Document produced as a result of the Communication, and all participants to the Communication.

22.     The request for identification of information includes any information within the files of attorneys, accountants, and other agents.

## III. REQUEST FOR PRODUCTION OF DOCUMENTS

**Document Request No. 10:**  All transcripts of the Plaintiff's 2004 Examinations of the Debtor.

Dated: January 27, 2010                          MACKALL, CROUNSE & MOORE, PLC


By_____
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANT MIDWEST
MOTORS, LLC

STATE OF MINNESOTA ⟩

                               ⟩SS

COUNTY OF HENNEPIN ⟩

    **Re:** **Randall L. Seaver vs. Dennis E. Hecker, et al.**
            **Bky No. 09-50779**
            **Adv. No. 09-05045**

    JINAH E. FINNES, being first duly sworn upon oath, states that on the 27th day of January, 2010, she served **Midwest Motors, LLC's Second Set of Documents Requests** on:

Matthew R. Burton
Leonard, O'Brien, Spencer, Gail & Sayre LTD
100 S 5th St, Ste 2500
Minneapolis, MN 55402

by mailing to them a copy thereof, enclosed in an envelope, postage prepaid, and by depositing same in the post office at Minneapolis, Minnesota, directed to said attorney(s) at the last known address of said attorney(s).

                                           _Jinah E. Finnes_

Subscribed and sworn to before me
this 27th day of January, 2010.

_NOTARY PUBLIC_

1153945.1-JEF

JANE McCLAIN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

     Debtor.

Randall L. Seaver, Trustee,

     Plaintiff,

vs.

Dennis E. Hecker, Midwest Motors, LLC,
LKMCD Properties, LLC, Chrysler Financial Services
Americas LLC, Toyota Motor Credit Corporation,
Toyota Financial Savings Bank,
Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota, Jacob Holdings of Highway 110 LLC,
And Jacob Holdings of Akron Avenue LLC,

     Defendants.

Bky No. 09-50779

Chapter 7

Adv. No. 09-5045

## UNSWORN DECLARATION FOR PROOF OF SERVICE

<u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**<u>Reply to Debtor's Response to Motion for Summary Judgment and Second Affidavit of Andrew P. Moratzka in Support of Motion for Summary Judgment and Approve Settlement</u>**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton     mburton@losgs.com, swood@losgs.com
- Stephen F Grinnell     stephen.grinnell@gpmlaw.com

- James M. Jorissen    jjorissen@losgs.com, vrittenbach@losgs.com
- Andrew Paul Moratzka    apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com
- John R. Neve    jneve@nevewebb.com, cwhiting@nevewebb.com
- Timothy J Peters    tpeters@peterslawplc.com,
  peters.timothy.james@gmail.com;bfrank@peterslawplc.com
- Will R. Tansey    wrtansey@ravichmeyer.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

INVER GROVE MOTORS LLC
D/B/A DENNY HECKER'S INVER GROVE TOYOTA
500 FORD ROAD
MINNEAPOLIS, MN 55426

JACOB HOLDINGS OF AKRON AVENUE LLC
500 FORD ROAD
MINNEAPOLIS, MN 55426

JACOB HOLDINGS OF HIGHWAY 110 LLC
500 FORD ROAD
MINNEAPOLIS, MN 55426

MIDWEST MOTORS, LLC
2873 HIGHWAY 61 NORTH
MAPLEWOOD, MN 55109


Dated: July 13, 2010                    Signed: /e/Jinah E. Finnes

1264956.1-JEF